Linda Joan ARBOGAST, a Minor, by Alan O. Arbogast, Her Natural Father and Next Friend, and Alan O. Arbogast, Individually, Plaintiffs-Appellants,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Defendant-Respondent.

No. 53987.

Supreme Court of Missouri, Division No. 1.

March 9, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied April 13, 1970.

Edwin Rader, Paul H. Schramm, Clayton, for plaintiffs-appellants.

Robert C. Ely, St. Louis, for defendant-respondent.

SAMUEL E. SEMPLE, Special Judge.

This is an action for $40,000 for personal injuries to plaintiff Linda Joan Arbogast, a child, in one count, and for $2,500 damages for medical and hospital expenses incurred by the father, plaintiff Alan O. Arbogast, in the second count. The trial court sustained defendant's motion for a directed verdict at the close of plaintiffs' case. Plaintiffs have appealed.

Plaintiff Linda J. Arbogast, a child almost twelve years old, was injured in a fall from a trestle of defendant Terminal Railroad Association of St. Louis. Linda

was visiting her aunt in Maplewood, Missouri, at the time of her injury. The evidence presented revealed that on the evening of the 14th of June (the day before plaintiff fell) Linda, her cousin Julie Blanton, and some other children living in the neighborhood were playing in a parking lot close to the Blanton home. All of the children went up a hill from the parking lot to a sign next to the railroad tracks. A train came along and stopped. A trainman got off the train and after going on an errand to a nearby store came back and talked to the children and asked them if they would like to get on the train. The trainman after showing the children the caboose took them for a ride up the tracks and on returning to the place where the children got on, stopped and let them off. The trainman, who was the engineer on the train, told the children that if they wanted another ride on the train to walk up and wave your hands over your head and I will stop the train and pick you up.

On the evening of the following day, June 15th, the group of children, including plaintiff Linda Arbogast, again assembled on the parking lot. They played there a short time and then went up to the railroad tracks by the sign and went up the tracks a ways. They traveled over a trestle across Manchester Road and another trestle over a creek. After playing a while and watching the boys throw some metal disks the group started back. As plaintiff Linda Arbogast and the others started back to the place where they entered the railroad property, Julie Blanton thought she heard a train coming and they started running across the trestle over the creek bed. One of the boys stopped, plaintiff didn't stop in time and lost her balance and fell over the side of the trestle to the ground below. This trestle was estimated by one witness to be one hundred feet and by another witness about fifty yards from the trestle over Manchester Road, which was near the sign where the children came up to the railroad property. There was a stipulation of fact that the trainman who took plaintiff and other children for a ride on the train and who invited them back for another ride was an employee of the defendant railroad, and the trestle where plaintiff fell and tracks mentioned in evidence were owned by defendant railroad. On these detailed circumstances plaintiffs contend that a case of liability was made and the court erred in directing a verdict for defendant at close of plaintiffs' case.

■ In general, plaintiffs contend that defendant acting through its servant, the trainman, invited, allured and enticed plaintiff, a twelve year old child, on to its property with heavy rolling stock and high unguarded trestles spanning deep ravines, knowing the same to constitute an extremely hazardous condition, was actively negligent in causing injury to the plaintiff child. Plaintiffs also argue that the employee or servant of the defendant in inviting plaintiff child upon an extremely hazardous area and further alluring and enticing plaintiff child with the promise of future train rides, knowing the propensities of children as regards their curiosity and exploring habits, created a duty to care for the safety of the plaintiff while on the premises of defendant. With these broad general statements as a place of beginning and since the court directed a verdict at the close of plaintiffs' evidence, plaintiff may urge any and all possible theories of liability, and, of course, if any one of them is valid the court erred in not submitting the case to the jury.

■ While plaintiffs do not carefully delineate their theory of liability it appears that they recognize that at best, the plaintiff child was a licensee under the classification of persons entering on land of another as defined in Richey v. Kemper, Mo., 392 S.W.2d 266, 268. Plaintiffs concede that in Missouri for many years the general rule has been that a licensee takes premises as he finds them, Glaser v. Rothschild, 221 Mo. 180, 184, 185, 120 S.W. 1, 22 L.R.A., N.S. 1045, or, to put it another way, a landowner will incur no liability so long as he

is inactive and warns the licensee of known ultrahazardous conditions and dangerous substances. Anderson v. Cinnamon, 365 Mo. 304, 282 S.W.2d 445, 448, 55 A.L.R.2d 516; 33 Mo.Law Review 93, 94. Plaintiffs, however, apparently recognizing that the trestle does not constitute an ultrahazardous condition, seek to invoke liability because of the landowner's active negligence. Plaintiffs argue that defendant's employee by inviting plaintiff child to come on the premises to take a train ride when the premises included a hazardous condition (high unguarded trestle) constituted active negligence. This contention cannot be accepted, as active negligence as defined in landowner cases in Missouri is negligence occurring in connection with activities conducted on the premises while the licensee is present and his presence is known or should be known to the licensor. Passive negligence on the other hand as applied in these type of cases in Missouri is negligence which arises from permitting defects upon the property or from dangers arising from conditions existing on the property. Anderson v. Welty Bros. Sales Pavilion, Mo.App., 334 S.W.2d 132, 137. See also 33 Mo.Law Review 93, 94 & 95. The injury to plaintiff child here resulted from a condition existing on the property and not from any activity conducted on the property by the landowner or its employees and hence there is no evidence here to constitute active negligence as plaintiff contends.

■ Plaintiffs also contend that if § 342, Restatement of the Law, Torts, was adopted in this state, that under the rule therein declared, plaintiff could make a case. This court recently in the case of Wells v. Goforth, Mo.Sup.Banc, 443 S.W.2d 155, 158, adopted for the first time the rule stated in 2 Restatement of the Law, Torts, First, § 342 (1934), which said section is as follows:

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

(i) to make the condition reasonably safe, or

(ii) to warn them of the condition and the risk involved therein."

■ This rule is limited by § 340, 2 Restatement of the Law, Torts, First, (1934) which provides that a possessor of land is not subject to liability to any licensees for harm caused to them by any dangerous condition therein if the licensee knows of the condition and realizes the risk involved therein.

If the licensee is an adult the fact that the condition is obvious is usually sufficient to apprise him, as fully as the possessor, of the full extent of the risk involved. Comments to 2 Restatement of the Law, Torts, First (1934) § 342; 65 C.J.S. Negligence § 63(35) p. 706. On the other hand the possessor should realize that the fact that a dangerous condition is open to the perception of children licensees may not be enough to entitle him to assume that they will appreciate the full extent of the risk involved therein. See comments to § 342, Restatement of the Law, Torts, supra.

■ Now that § 342 of Restatement of the Law, Torts, has been adopted in this state it would seem that § 339, 2 Restatement of the Law, Torts, First (1934) should also apply, which rule is as follows:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the pos-

sessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

This rule has never been adopted in this state but suggestions have been made that the prior decisions should be examined in this entire field of the law and a reconsideration made of the suggestions and criticisms of the experts. Thieret v. Hoel, Mo., 412 S.W.2d, 127, 130.

 Generally, the attractive nuisance doctrine and the rule of § 339, Restatement of the Law, Torts, supra, have been held not applicable to conditions of height in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate the danger. So the owner of land ordinarily is not liable for injury to a trespassing child, who climbs upon, or jumps or falls from a nondefective and stationary structure, at least where the structure is useful and properly located and the danger is open and obvious. 65 C.J.S. Negligence § 63 (91)b, pp. 841, 842; 145 A.L.R. 322. A child is bound to appreciate a simple and obvious danger of falling from an object or structure, but is not bound to appreciate a danger, presented or exaggerated, by a defect in the structure or other peculiar circumstance which is hidden from the child or which a child would fail to appreciate because of his immaturity. 65 C.J.S. Negligence § 63 (91)b; 16 A.L.R.3rd 102. In the case here, there is no evidence of the trestle being defective in any way or any other special circumstance which would be hidden from a twelve year old girl. The fact that the unguarded trestle spanning a deep ravine, in and of itself does not reveal a circumstance which a twelve year old child would fail to appreciate the danger or risk of falling therefrom. It is concluded that under the circumstances presented here, the plaintiffs have not made a case under the rules of liability as set out in the Restatement of the Law, Torts, supra.

Plaintiffs also in support of their theory of liability contend that defendant's servant, the engineer, acted in the course of his employment while in the commission of active negligence and therefore defendant is liable under the doctrine of respondeat superior. The question as to whether the servant defendant was actively negligent has already been determined and in view of the conclusion reached, the question as to whether the servant was acting within the scope of his duties is not a necessary consideration to a determination of this appeal.

Plaintiffs also contend that plaintiff child was not contributorily negligent as a matter of law. In view of the conclusions herein reached a consideration of this contention is not required.

The judgment is affirmed.

HENLEY, Alternate Judge, concurs.

SEILER, P. J., not sitting.

STORCKMAN, J., absent.