David **SALANSKI**, by Next Friend
Helen Salanski, Appellant,

v.

**Hubert J. ENRIGHT and Lometa W.
Enright, Respondents.**

No. 54479.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

Robert B. Randolph, St. Joseph, for appellant.

R. A. Brown, Jr., Brown, Douglas & Brown, St. Joseph, for respondents.

SEILER, Presiding Judge.

Plaintiff appeals from the order and judgment of the trial court dismissing plaintiff's $100,000 damage suit for failure to state a cause of action. The petition is based on injuries sustained by plaintiff, who, when 10 years of age, fell from a treehouse on defendants' residence premises.

Does the petition state a cause of action? We quote the pertinent parts as follows:

" * * * that Defendants' residence is located on a corner lot with large trees in the back yard * * *

"That on the 12 day of August, 1964, and for a long time prior thereto, Defendants allowed and encouraged their child and other children in the neighborhood to place boards and platforms high up in the trees in their back yard; that in the construction, maintenance and use of said treehouses, Defendants allowed, induced, encouraged and invited Plaintiff and other children * * * who lived in the

neighborhood, to come upon their premises and climb in the trees and play upon said treehouses * * *

" * * * that it became a customary use in the neighborhood for Plaintiff and other children * * * to come to Defendants' premises at anytime for the above purpose; that Plaintiff and other children who regularly came to Defendants' premises to play in the treehouses understood they had a standing invitation to * * * play in the treehouses at anytime.

"That * * * Plaintiff * * * upon the above-mentioned invitation went upon Defendants' premises to play in said treehouses; that one of said treehouses was approximately thirty feet above the ground, built in the smaller branches of the tree and very dangerous to ascend and descend; that while sitting on said treehouse or while trying to ascend or descend from said treehouse, Plaintiff fell from the treehouse * * * That at the time of Plaintiff's fall, Defendants were * * * out of the city.

"That said fall * * * was caused by the carelessness and negligence of Defendants, in that, Defendants failed to exercise proper care in keeping their premises safe, but encouraged, allowed and maintained dangerous treehouses built high above the ground to exist upon their property, well knowing that children * * * regularly played thereon and well knowing that children * * * could easily fall therefrom * * * Defend-

ants not only failed to warn Plaintiff that it was dangerous to climb in said trees to play upon said treehouses, but induced, encouraged, allured and invited Plaintiff to their premises to play in said treehouses well knowing * * * that a child could easily fall therefrom and be injured * * * "

■ In Arbogast v. Terminal Railroad Association of St. Louis, Mo., 452 S.W.2d 81, decided March 9, 1970, we held now that Sec. 342 of Restatement of the Law, Torts, First, (1934) has been adopted in this state, Wells v. Goforth (Mo.Sup.Banc) 143 S.W.2d 155, Sec. 339, Restatement of the Law, Torts, First, (1934) should also apply.[1] In Arbogast, it was stated Sec. 339 has been held " * * * not applicable to conditions of height in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate the danger * * * " In Arbogast, a 12 year old girl fell from a high, unguarded railroad trestle, spanning a deep ravine and creek bed. The court said there was no evidence of the trestle being defective or of any other special circumstance which would be hidden from a 12 year old girl. The situation, therefore, was not one where the child would fail to appreciate the risk of falling from the trestle in the course of walking or running across it. So the plaintiff did not make a case under the rules of liability as set out in Sec. 339.

---

1. Sec. 339 reads as follows:
    "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
    (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
    (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as

involving an unreasonable risk of death or serious bodily harm to such children, and
    (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and
    (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

In the present case, plaintiff, according to the allegations of the petition, was on the premises at the invitation of the defendants; he was permitted to enter, ·Richey v. Kemper (Mo.Sup.) 392 S.W.2d 266, 268. The invitation alleged would seem to be comparable to an invitation to a social guest and plaintiff, therefore, is more in the position of a licensee than a trespasser. Of course, the fact that plaintiff is not a trespasser does not mean the principles of Sec. 339 would not apply. A fortiori, the protection extended to plaintiff as a trespassing child would also extend to plaintiff as a child licensee.

As stated in Boyer v. Guidicy Marble, Terrazzo & Tile Co. (Mo.Sup.) 246 S.W.2d 742, 744, a child trespasser case, where the trial court had sustained a motion to dismiss the petition as not stating a claim upon which relief could be granted, which was reversed on appeal, "It is important to be mindful of the fact that we here consider only the question of whether plaintiff's amended petition, when its averments are accorded every reasonable and fair intendment, states a claim which can call for the invocation of the principles of substantive law which may entitle plaintiff to relief * * *" See also, Dallas v. City of St. Louis (Mo.Sup.) 338 S.W.2d 39, 41, where it is said, "In determining if a petition states a claim upon which relief may be granted, the averments of the petition are to be given a liberal construction * * *" The petition before us, so construed, meets the requirements of subparagraphs (a), (b), and (d) of Sec. 339. As to requirement (c) on the point of whether plaintiff should have realized the risk, the case is distinguishable from the Arbogast case.

Here we have a treehouse, approximately 30 feet above the ground, located in the smaller branches of the tree and alleged to be dangerous to ascend and descend. The season was the middle of summer, when the leaves would ordinarily be the thickest. A treehouse in the smaller branches of the tree would be less stable and more easily moved by the weight of its occupant or by the breezes. Most of us can recall as children the delight and allure of a treehouse. It is a special attraction, a sort of leafy cavern, the higher the better, where a child can have his own private domain. Children are frequently inattentive to their surroundings and the desire of getting to and enjoying the treehouse could be so distracting that plaintiff would not discover or appreciate the danger involved in a treehouse 30 feet above the ground and in the smaller branches.

The situation is somewhat similar to that in Cargill, Inc. v. Zimmer (C.C.A. 8) 374 F.2d 924, where recovery was upheld under Sec. 339 in South Dakota for the death of a 12 year old boy who fell from the top of a 72 foot high silo where he had climbed to see if there were any pigeons there. It was obvious, of course, that anybody who would fall from such a height would be injured. Yet the court said it is not an inflexible requirement of Sec. 339 that there be a latent defect, where the trepass is in an area known to be frequently used by children and where the attraction involved creates a distraction of the actual danger to the extent it is not fully appreciated by the child. At 374 F.2d l.c. 931, the court says, " * * * The acknowledged fascination of children to a pigeon retreat at a height of 72 feet off the ground cannot be minimized * * * The steel ladder was an open invitation to a child's aviary. Decedent and other children did not climb the ladder for the thrill and excitement of climbing; the climb was secondary. The jury could find the attraction could focus attention of the child's interest from the true danger involved * * *"

It may be that this petition is subject to being made more definite and certain in various respects, but the allegations do hypothesize a state of facts, or the basis for a state of facts, from which the inference of negligence and liability is permissible on the theory of Sec. 339. There remain questions which can be determined only

upon an examination of the evidence which may be adduced pursuant to the averments of the petition as considered in the light of Sec. 339. In our opinion, the petition does state a cause of action and substantial justice would be served here by enabling the pleader to avail himself of trial procedures.

In fairness to the trial court and to counsel on both sides of this case, it should be observed that the order of the trial court dismissing the petition for failure to state a claim was made January 9, 1969. At that time, neither Wells v. Goforth, supra, nor Arbogast v. Terminal Railroad Association of St. Louis, supra, had been handed down.

The judgment of the trial court dismissing the petition is reversed and the cause is remanded.

HOLMAN, J., and NORMILE, Special Judge, concur.