Jane Marie WALTZ et al., Appellants,

v.

CAMERON MUTUAL INSURANCE COMPANY, Respondent.

No. KCD 26839.

Missouri Court of Appeals, Kansas City District.

July 31, 1975.

Michael J. Albano, Graham, Paden, Welch, Martin & Tittle, Independence, for appellants.

George T. O'Laughlin, Thomas M. Moore, Miller & O'Laughlin, P. C., Kansas City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Plaintiff Jane Waltz (Plaintiff) sought to recover from defendant damages under the uninsured motorist provision of an insurance policy issued by defendant. Plaintiff was riding as a passenger in an automobile owned by Wayne Pettit, which was covered by a policy of insurance issued by the defendant, when she was injured as a result of a collision between such automobile and another automobile which was uninsured.

Plaintiff alleged in her petition she was covered under the uninsured motorist provision of the policy defendant issued on the Pettit automobile, or in the alternative, defendant failed to obtain a written rejection of the uninsured motorist coverage from Pettit. The petition further alleged facts tending to show plaintiff's injuries to have been due to the negligence of the uninsured automobile driver.

Plaintiff filed interrogatories directed to defendant to obtain a copy of the insurance policy defendant issued on the Pettit automobile. Defendant submitted a copy of the policy which it stated was in effect on the Pettit automobile at the time of plaintiff's injury. This policy contained the following provision with respect to the uninsured motorist coverage: "(c) With respect to the insurance under coverage H the unqualified word "insured" means the first named natural person and not a corporation, firm or partnership, and, while residents of the same household, the spouse of the first named natural person and the relatives of either." Defendant then filed request for admissions of plaintiff and her husband, who joined as a plaintiff for his loss of services claim. As a result of these requests, plaintiff and her husband stated they did not have sufficient knowledge to admit defendant issued a policy of insurance to Pettit and stated to the best of their knowledge there was insurance on the automobile in which plaintiff was riding but they had to rely on what the driver of such automobile told them since they had never seen a policy. Plaintiffs further admitted neither of them was a relative of Pettit or his wife, that neither was a resident of the household of Pettit, either prior to or subsequent to plaintiff's injury.

Plaintiff filed a request for admissions directed to the defendant asking the defendant to admit a policy of insurance was issued to Pettit by it and that Pettit did not give defendant a written statement rejecting uninsured motorist coverage. The request further sought to establish the automobile plaintiff was riding in was covered by defendant's insurance policy. No particular coverage was suggested in this request. The defendant did not deny these requests and they stood admitted.

Thereafter defendant filed its motion for summary judgment stating there was no material issue of fact in that it had been established that plaintiff was a passenger in an automobile owned by Pettit, that such automobile was insured under a policy issued by the defendant, and that neither of the plaintiffs was a member of Pettit's household at the time of the injury. This motion was supported by the affidavit of defendant's claim manager which stated the copy of the policy issued to Pettit was attached thereto. By a deposition of defendant's claim manager it was established the copy of the insurance policy defendant stated was issued to Pettit was the only form of policy issued by the defendant covering the period when plaintiff was injured with respect to the definition of insured under the uninsured motorist provision.

In response to defendant's motion for summary judgment, plaintiffs Jane Waltz and her husband filed an affidavit stating they did not have sufficient knowledge with which to admit or deny the genuineness of the copy of the policy submitted by defendant, and further they did not have any means to secure information or knowledge concerning the policy because Pettit and his wife told them the original policy had been destroyed. Plaintiffs further caused an affidavit to be filed by Pettit in which he stated defendant had issued its policy to him and his wife covering the period during which plaintiff was injured, and stating he did not recall ever seeing a full and complete copy of the policy. This affidavit further stated it was the "understanding" of Pettit that defendant's policy provided uninsured motorist coverage for him and the occupants of his car and he did not recall anyone from the defendant company ever telling him the uninsured motorist coverage did not cover all of the occupants of his automobile.

Plaintiffs filed suggestions in opposition to the defendant's motion for summary judgment and in these suggestions for the first and only time claimed the restricted definition of insured in the uninsured motorist coverage in defendant's policy violated the public policy of this State and further violated the provisions of § 379.203, RSMo 1969, V.A.M.S.

The court granted summary judgment in favor of the defendant. On this appeal plaintiffs contend, first, there were remaining and unresolved factual disputes as to the authenticity of the copy of the policy issued to Pettit and his wife submitted by the company with respect to the actual coverage provided within the uninsured motorist provision in such policy, and with respect to the credibility of defendant's claim manager. Summary judgment is provided by Rule 74.04 which provides in part in 74.04(c): "[j]udgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Such Rule in paragraph (e) also provides in part: "[w]hen a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

█ It is true as plaintiffs contend, that this court "as well as the trial court, must view the record on summary judgment in the light most favorable to the party

against whom the judgment is rendered". *Scott v. Thornton,* 484 S.W.2d 312 (Mo. 1972).

Here the only question is whether or not the plaintiffs have, by affidavits or as otherwise provided in Rule 74.04, presented specific facts to show there is a genuine issue for trial. It is apparent they have not. The only issue tendered by plaintiffs' petition was the issuance of an insurance policy by the defendant which would afford uninsured motorist coverage to the plaintiff. The defendant came forward with a copy of the insurance policy which it had issued, and by admissions made by the plaintiffs tendered proof to the court the plaintiff did not fall within the definition of the term insured as used in the policy in the uninsured motorist coverage. The plaintiffs could not produce a copy of the policy issued to them and for that reason could not show the existence of any policy different from the one presented by defendant. The closest the plaintiffs came to controverting the policy presented by defendant, or any other matter, was the affidavit of Pettit in which he stated it was his "understanding" the policy provided coverage for the occupants of his car and that he did not recall anyone from the defendant company telling him the policy did not cover occupants of his automobile under the uninsured motorist coverage.

■ These statements are hardly facts which would show a genuine issue of material fact. At best, these are surmises and guesses which will not substitute for fact. As stated in *Renieri v. Scanlon,* 254 F.Supp. 469 (D.C.S.D.N.Y.1966):

"The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious."

■ The material fact plaintiffs were required to show was in dispute which would require a trial was the issuance by defendant of a policy which extended coverage to plaintiff Jane Waltz under the uninsured motorist provisions of the policy. It is man-ifest from the record the plaintiffs could not produce a copy of the policy. The defendant company produced a copy of the policy which its claim manager stated was not only a copy of the policy issued to Pettit, but was the only form of policy, in respect to the uninsured motorist coverage, which the defendant company issued during the time in question. By failing to controvert the existence of the policy as produced by the defendant company by affidavit or as otherwise permitted, the plaintiffs have failed to raise a genuine issue as to the material fact of plaintiff being covered by defendant's policy. Beyond the existence of the policy which the defendant proved, there is no question the plaintiff and her husband do not come within the coverage afforded by such policy. There was thus no genuine issue of fact with respect to either the coverage afforded or the fact that the plaintiffs were beyond the perimeter of the coverage provided to Pettit. Plaintiffs, therefore, failed to show the existence of any material issue of fact with reference to the authenticity of the policy, its coverage, or the credibility of defendant's claim manager.

■■ The rule is stated in *Hurwitz v. Kohm,* 516 S.W.2d 33, 36[6, 7] (Mo.App. 1974): "[a]nd when facts are stated in affidavits and exhibits in support of a motion and there are no verified denials, the facts so stated are admitted for the purpose of summary judgment". Since plaintiffs did not file any verified denial of the issuance of the policy or its provisions, the policy as produced by defendant must be accepted as true. In this situation the court correctly granted the defendant's motion for summary judgment.

■ In plaintiffs' reply suggestions filed with the trial court in opposition to the motion for summary judgment, plaintiffs assert the definition of insured as contained in the uninsured motorist coverage violates § 379.203, RSMo 1969. It will be assumed, without deciding, that the question of law

presented in this manner preserves the point for review.

Plaintiffs state that the definition of insured with respect to the insurance coverage contained in defendant's policy for bodily injury liability and for property damage liability "includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either". As noted above, the definition of insured with respect to the uninsured motorist coverage was restricted to the named insured, the spouse of such insured, and the relatives of either while residents of the same household.

Plaintiffs contend the definition of insured under § 379.203 must be the same with respect to the uninsured motorist coverage as it is under the coverage for bodily injury and property damage liability. Plaintiffs then urge that since the definition of insured in the uninsured motorist coverage does not include all persons using the automobile with permission, the limited coverage therein violates the statute. The result of this argument would be to broaden the coverage of the uninsured motorist provision to include anyone using the automobile with permission.

Applied to the facts of this case, plaintiffs urge that the plaintiff was "using" the automobile belonging to Pettit and, therefore, was covered under the bodily injury and property damage liability, therefore, plaintiff must be afforded coverage under the uninsured motorist coverage.

Adverting to plaintiff's petition, it was simply alleged that plaintiff Jane Waltz was a passenger in an automobile which was struck by an uninsured motorist. There is no allegation of any use made of the automobile by plaintiff other than the fact she was riding in it as a passenger.

Assuming without deciding that plaintiffs' argument is correct, the difficulty with plaintiffs' position is that plaintiff would still not be afforded coverage under the liability portion of the policy because she was not using the automobile within the meaning ascribed to that term under the liability section.

It was held in *Woodrich Construction Co. v. Indemnity Ins. Co.,* 89 N.W.2d 412, 418[2, 3] (Minn.1958): "[m]any decisions have in effect recognized *use* as going beyond the narrow meaning of the direct mechanical operation performed by the driver and as encompassing the broader concept of employing or putting the vehicle into one's service by an act which assumes at any time—with the consent of the owner or his agent—the supervisory control or guidance of its movements". See also 8 Blashfield Automobile Law and Practice ¶ 317.1, page 2.

Thus to be covered under the liability portion of the policy, plaintiff was required to have or exercise some supervisory control over the automobile in which she was riding, and to be more than a passenger who was simply *occupying* the automobile. This can be very easily demonstrated by posing the question in reverse, viz, could the uninsured motorist state a cause of action against the plaintiff on the basis of the plaintiff's allegation that she was only a passenger in the automobile? The answer is readily apparent that in this situation there could be nothing with which liability could be fastened on the plaintiff. It would require some form of control over the operation of the automobile on the part of the plaintiff, or some active negligence on her part to establish her liability. That being true, plaintiff, in her capacity as merely a passenger, was not included within the definition of insured under the liability section of the policy. Since plaintiff was not covered under the liability coverage, it could not possibly matter to the plaintiff whether or not the uninsured motorist coverage was as broad as the liability coverage. In short, even if it were said the uninsured motorist coverage must be as broad as the liability coverage, plaintiff would still not be insured under the liability coverage and,

therefore, would not be covered under the uninsured motorist coverage.

It should be made clear the question of whether or not the uninsured motorist coverage must be as broad as the liability coverage is not being decided herein. What is decided, is that even if such were the holding, plaintiff would not be covered and, therefore, would not be entitled to recover from the defendant company under the facts alleged in the petition. That being the case, plaintiffs' contention concerning the coverage differential in this case does not present any question of law which would defeat the right of defendant to have summary judgment.

The judgment is affirmed.

All concur.