Fred A. BURKI, on behalf of United Retail Workers Union, himself and persons similarly situated, Respondent,

v.

William WIGGS, Appellant.

No. KCD 28245.

Missouri Court of Appeals, Kansas City District.

May 2, 1977.

Charles W. Spooner, North Kansas City, for appellant.

Terry Satterlee Watt, Law Offices of Arthur A. Benson, II, Kansas City, C. Anthony Packard, Chicago, Ill., for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Fred Burki filed a petition for the registration of a foreign judgment against William Wiggs. Burki alleged he was filing the petition as the designated agent of United Retail Workers Union, an unincorporated association. The judgment was registered and on motion for summary judgment filed on behalf of Burki, the court entered a final judgment sustaining the registration.

On this appeal Wiggs raises a number of objections to the propriety of the court's action in entering summary judgment. Affirmed.

The petition by which the Illinois judgment was sought to be registered in Missouri contained three counts. The first two counts contained allegations designed to show Wiggs was indebted to the Union and praying judgment against him. The third count alleged the existence of a judgment against Wiggs in Illinois upon the same indebtedness as set out in the first two counts.

The court entered its order registering the foreign judgment and thereafter Wiggs filed his answer. The court entered a summary judgment sustaining the registration of the foreign judgment but within thirty days after the entry of this judgment the court set the same aside. Thereafter Wiggs filed an amended answer. Burki filed a pleading denominated a "motion for reconsideration of plaintiff's motion for summary judgment." In support of this motion Burki filed affidavits signed by him and Anthony Packard, an attorney of Chicago who represented Burki in obtaining the Illinois judgment. Wiggs did not file any counter affidavits or any other matter showing the existence of any genuine issue for trial as provided in Rule 74.04(c). The court thereupon entered a summary judgment in which it found Burki was proceeding on Count III of his petition and by so doing had elected to abandon Counts I and II. The court sustained the registration of the Illinois judgment pursuant to Rule 74.-79.

Wiggs first challenges the propriety of the summary judgment by stating the rules of civil procedure make no provision for a "motion for reconsideration of a motion for summary judgment." While Burki's second motion for summary judgment did bear the appellation "motion for reconsideration" such language may be disregarded as surplusage. The court set aside the original summary judgment within the thirty days as allowed by Rule 75.01. Thereafter the situation was the same as if a motion for summary judgment had never been entered. When Burki filed his second motion for summary judgment, it was a new motion and was to be considered the same as if none had previously been filed.

Wiggs next raises the propriety of the affidavits filed in support of the second motion for summary judgment. He contends these affidavits were improperly filed because they were original affidavits and not the supplementary affidavits referred to in Rule 74.04(e). In urging this point, Wiggs relies upon the impropriety of the motion to reconsider which has already been answered. The affidavits filed in support of the second motion stand as original affidavits as provided in Rule 74.04(a).

Wiggs next urges the affidavits were improper because Burki failed to produce all of the books and records of the Union to support his affidavit. Wiggs filed nothing to raise any issue with reference to the facts stated in the affidavits of Burki

and Packard. In the absence of any verified denial of the facts set forth in the affidavits, those facts are deemed admitted for the purpose of summary judgment. *Waltz v. Cameron Mutual Insurance Company,* 526 S.W.2d 340, 343[4, 5], (Mo.App. 1975). Therefore, there was no necessity for Burki to file any records to prove the facts stated in his affidavit.

Wiggs next contends he set forth sufficient facts in his amended answer to exhibit the existence of a genuine issue of fact as to the validity of the Illinois judgment. As heretofore stated, Burki and Packard filed affidavits which showed the existence of a debt from Wiggs to the Union and which showed that a judgment was obtained against Wiggs upon this indebtedness in Illinois. As stated in Waltz, *supra,* the failure of Wiggs to file a verified denial of the facts stated in those affidavits results in those facts being taken as true.

■ Wiggs next contends the petition for the registration of a foreign judgment was improperly joined with Counts I and II in the petition. Counts I and II prayed for judgment against Wiggs in the same amount and upon the same cause of action which formed the basis of the Illinois judgment against Wiggs. The trial court found that Burki, by proceeding in summary judgment to have the registration of the Illinois judgment sustained, abandoned Counts I and II. In his brief Burki concedes this to be the case. In that situation an election of remedies was made and by filing a motion for summary judgment to sustain the registration of the foreign judgment, Burki elected to proceed on this remedy to the exclusion of his right to seek a judgment in Missouri upon the same obligation. *Dombroski v. Cox,* 431 S.W.2d 680, 682[3, 4] (Mo. App.1968). Having elected to procure the registration of the Illinois judgment in Missouri, Burki and the Union have now precluded themselves from proceeding on Counts I and II to seek an additional judgment against Wiggs upon the same cause of action.

■ Wiggs next contends this case was in fact a class action and the notice required by Rule 52.08(c)(2) was not given. Burki filed his affidavit in support of his motion in which he stated he was the agent for the Union and was authorized to file the petition for the registration of the foreign judgment. In the absence of any denial by Wiggs such fact is taken as true. The Union is an unincorporated association and under Rule 52.10 the court had the discretion to order notice be given to each member of the association. The court did not order any notice to be given, therefore, none was required.

Wiggs next contends there is a genuine issue of fact as to whether or not the Illinois court lacked jurisdiction over the person of Wiggs at the time the judgment was entered because in his brief Wiggs states he was a minor at that time. Again, Wiggs failed to file any verified denial of any facts presented to the court and there is nothing in the record before this court to indicate Wiggs was a minor at the time the Illinois judgment was entered. For that reason there is nothing presented for this court to consider on this point.

Wiggs lastly raises a question as to the validity of the Illinois judgment sought to be registered because of the existence at the time that judgment was entered of a previous judgment in Illinois by the same plaintiff against Wiggs. Again there is nothing in this record to indicate the existence of more than one judgment against Wiggs in Illinois. Absent such evidence, there is no basis upon which this court could review this contention.

The judgment is affirmed.

All concur.