AETNA LIFE AND CASUALTY
COMPANY, a corporation,
Plaintiff-Respondent,

v.

WESTERN FIRE INSURANCE COMPA-
NY, Defendant-Appellant,

and

John R. Chrisman, Administrator of the
Estate of Michael Wayne Chrisman, De-
ceased, and Michelle McKinley, a minor,
and Mitzi J. McKinley, a minor, and
William L. McKinley and Rosemary
McKinley, Defendants-Respondents,

and

John Berry Borders, a minor, and Jere
Borders, and Mrs. Jere Borders,
Defendants.

No. KCD 29215.

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1978.

Application to Transfer Denied
Oct. 10, 1978.

Edward W. Mullen, Deacy & Deacy, Kan-
sas City, for appellant.

Clem W. Fairchild, J. Michael Vaughan,
Kansas City, for respondent, Aetna Life
and Cas. Co.; Linde, Thomson, Fairchild,
Langworthy & Kohn, Kansas City, of coun-
sel.

Clifford N. Jarrett, Heavner, Jarrett &
Kimball, Kansas City, for respondents
McKinley.

Before SOMERVILLE, P. J., and DIXON
and TURNAGE, JJ.

DIXON, Judge.

This appeal by defendant Western Fire
Insurance Company is from a judgment of

the trial court finding Western's policy afforded coverage to the driver of a nonowned car under a provision of Western's policy extending coverage to nonowned automobiles.

The primary and controlling issue is the interpretation of the Western policy in its provisions extending coverage to the "use" of other vehicles.

The parties to the declaratory judgment suit were Aetna Life and Casualty Company as plaintiff, Western as defendant, John R. Chrisman, Administrator of the Estate of Michael Wayne Chrisman as defendant, and certain minors named McKinley and Borders who were joined as defendants since they were plaintiffs in suits against the Chrisman Estate.

The automobile accident which gave rise to the claims of the minors against the Chrisman estate involved an automobile owned by the McKinley family but operated by Michael Wayne Chrisman. Aetna had insured the McKinley vehicle, and Western's policy was issued to cover a vehicle owned by Chrisman's parents.

The vehicle involved in the accident was taken by the minor daughter of the McKinley family, Mitzi McKinley, to visit her boy friend's mother, who was in the hospital. Her sister, Michelle, was with her. On the way to the hospital, she stopped at her boy friend's house; and her boy friend's brother, John Borders, a boy named Ray Mooney, and Michael W. Chrisman, joined the two girls. After the visit to the hospital, the five drove to Lake Jacomo, and Mitzi, yielding to the cajoling of the boys, permitted Chrisman to drive. While he was driving, the car went off the road. Chrisman was killed, and both of the McKinley girls and the Borders youth were injured.

Aetna as plaintiff below sought a declaration that it had no coverage, claiming the vehicle was being operated "without the express or implied permission of the owner" as the Aetna policy read in its exclusions. The trial court found in favor of Aetna on this claim, and no appeal has been taken from that judgment.

The trial court further found that Western's policy afforded coverage for the claims of the McKinley minors and Borders against the Estate of Michael Wayne Chrisman based upon the extension of the coverage of the Western policy under the "Use of Other Automobiles" provision.

The Western policy language in pertinent part is:

"V. Use of Other Automobiles: . . . such insurance as is afforded by this policy . . . applies with respect to any other automobile, subject to the following provisions:

(a) . . . the unqualified word 'insured' includes (1) such named insured and spouse, [and] (2) any relative of such named insured or spouse . . .

\* \* \* \* \* \*

(d) This insuring agreement does not apply:

(1) to any automobile . . . used without the express or implied permission of the owner;

\* \* \* \* \* \*

Defendant Western presents a single point of error:

"The Trial Court erred in holding that the permission granted to Mitzi McKinley to take herself and her sister to the hospital constituted permission to Chrisman to use the automobile *by operating it* and brought him within the coverage of appellant's policy as a 'permissive user'." (Emphasis supplied).

The point and argument is bottomed on a faulty premise. That premise is that the trial court found and held that the permission given Mitzi McKinley constituted permission to Chrisman and he, therefore, was using the car with the permission of the owner. The trial court did not so find and hold. In fact, it expressly found and held to the contrary. The trial court found that the permission to "operate" given to Mitzi was limited and that she had no right or authority to permit another to operate. This was the factual predicate for the finding that the Aetna coverage did not apply since the Aetna policy excluded coverage

unless the car was being "operated" with the permission of the owner. On the other hand, the trial court found that the "use" of the automobile was with the permission of the owner. What the trial court held was that there was a legal difference between the words "operating," the language of Aetna's exclusion, and "use," the language of Western's policy, and that an automobile could be used with the express or implied permission of the owner, although the driver thereof had no express or implied permission to operate it.

Western commences its argument by referring to the provision of its policy here in question as "drive-other-car" coverage. That characterization is inaccurate. In specific language set in boldface type, the provision is entitled, "Use of Other Automobiles."

The real nub of the argument is the assumption by Western that the language of the policy "used without the express or implied permission of the owner," refers unambiguously to the *operation* of the car by Chrisman. Obviously, Western could have so limited the coverage by utilizing the word, "operated" in place of "used." The word "used" in the context of the facts of this case is subject to different interpretations. Implicit in the trial court's findings of fact and conclusions of law is the determination by the trial court that the word "used" referred to the overall use by the McKinley girls and that the vehicle's general use to transport them was still a use permitted by the owner. That conclusion of the trial court is buttressed by the fact that the addition of the limiting language requiring the permission òf the owner was added to prevent the extension of liability coverage under the use of other cars when the car was misappropriated or stolen by a relative of the insured. *United States Fidelity & Guaranty Co. v. Safeco Ins. Co. of America,* 522 S.W.2d 809 (Mo. banc 1975). Also, as the trial court indicates, there are cases which distinguish "use" and "operate" as those words as used in insurance policies. *Farm Bureau Mutual Insurance Company v. Broadie,* 558 S.W.2d 751 (Mo.App.1977); *Cameron Mutual Insur-* *ance Company v. Bower,* 558 S.W.2d 226 (Mo.App.1977); *Allstate Insurance Co. v. Hartford Accident and Indemnity Co.,* 486 S.W.2d 38 (Mo.App.1972). These Missouri cases are in accord with the great weight of authority in the United States, Annot., 4 A.L.R.3d 10 (1965). These cases interpret the words as they are used in omnibus clauses, but no rational basis appears as to why they would not be applicable in the interpretation of the "Use of Other Automobile" provision in the Western policy.

■ In fine, the trial court was confronting language which was ambiguous in its application to these facts. In that sense, this case is analogous to the *Safeco* case, *supra,* where the court held that the word "owner" was ambiguous. When such ambiguity appears, a contract of insurance is construed strictly against the insurer and liberally in favor of the insured. *Safeco, supra* ; *Surface v. Ranger Insurance Co.,* 526 S.W.2d 44 (Mo.App.1975); *Allison v. National Insurance Underwriters,* 487 S.W.2d 257 (Mo.App.1972).

Western does not discuss this authority in its brief but insists that *Waltz v. Cameron Mutual Insurance Co.,* 526 S.W.2d 340 (Mo. App.1975), and *Western Casualty & Surety Company v. Verhulst,* 471 S.W.2d 187 (Mo. 1971), provide support for its position. *Waltz* denied extension of uninsured motorist coverage to a passenger where the insuring agreement with respect to that coverage limited the coverage to the named insured and members of the family. *Waltz* does not hold that a permittee who becomes a passenger by permitting another person to drive is not an insured. The holding of *Waltz* is only that a passenger with no other nexus with the liability coverage is not within the uninsured motorist coverage. *Verhulst* involves an exclusionary clause relating to the automobile being "used" in the automobile business and holds that the presence of the drive-other-car provision in that policy did not operate to deny effect to the specific exclusion. Western asserts that *Helmkamp v. American Family Mutual Insurance Co.,* 407 S.W.2d 559 (Mo.App.1966)

is factually similar to the present case. The permittee was not in the car when the accident occurred, a fact the *Helmkamp* opinion recites · in distinguishing cases where the permittee is actually using the vehicle. Western also cites several cases from other jurisdictions dealing with the definition of use. In the light of the settled Missouri rule in the *Allstate Insurance Co.* and the *Broadie* and *Bower* cases, *supra,* the citation of authority from other states is not persuasive.

In the instant case, the trial court, confronted with the ambiguous language, construed it in favor of the insured. It found that Mitzi and Michelle McKinley were in the car at a time when they had been permitted to use it and that, therefore, the automobile was in that sense being used with the permission of the owner. This being a court-tried case, the dictates of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) are applicable. Since there was substantial evidence to support the factual finding and the judgment of the trial court, the finding is not against the weight of the evidence, and the judgment does not erroneously declare or apply the law, the judgment is affirmed.

All concur.