Mary P. RAMSEY, Appellant,

v.

The OWEN COMPANY, Respondent.

No. 39323.

Missouri Court of Appeals,
Western District.

Dec. 22, 1987.

Joe D. Holt, Fulton, for appellant.

Thomas C. Walsh, Sabrina M. Wrenn, Richard P. Dooling, St. Louis, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

Appellant, a former employee of respondent, brought suit for wrongful discharge. The trial court granted summary judgment to respondent on its motion supported by deposition testimony and affidavits. The employee appeals, contending summary judgment should not have been granted because there were genuine issues of material fact. She also argues that the trial court erred in finding her to have been an employee at will, a necessary condition to entry of judgment for the employer.

■ At the outset, we recount the principles applicable to review of the granting of summary judgment. In reviewing a claim of error in the entry of summary judgment, the appellate court construes the pleading of the party against whom judgment was rendered most favorably to that party, giving the party the benefit of every reasonable and fair intendment in the facts alleged. *Hohenstreet v. Sterling National Land Co.*, 706 S.W.2d 80, 83 (Mo.App. 1986). When confronted with a motion for summary judgment supported by affidavits, however, a party may not rest on the

mere allegations or denials of his pleading but must respond by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. *Hyten v. Cape Mutual Insurance Co.,* 663 S.W.2d 430, 431 (Mo.App.1983). Failure to file a verified denial of facts set forth in affidavits supporting a motion for summary judgment results in those facts being deemed admitted for purposes of the motion. *Finn v. Newsam,* 709 S.W.2d 889, 891 (Mo.App. 1986).

The following facts were not subject to any dispute. Prior to April 15, 1983, appellant was employed by the State of Missouri and worked in the pharmacy at the Fulton State Hospital. In 1983, the state entered into an agreement with respondent as a private contractor to operate the hospital pharmacy. Those pharmacy employees who had worked for the state were given an opportunity for employment with respondent and were informed of the conditions and benefits of employment by respondent. Appellant elected to accept the job offered to her by respondent and commenced that employment April 15, 1983, the same date she ceased working for the state.

As a state employee, appellant had enjoyed various holidays, including Memorial Day. In May, 1983, respondent informed appellant and other employees that the pharmacy would be open on weekends and holidays, including Memorial Day, until transition to respondent's operation of the pharmacy was completed. Appellant responded that she would not be available for overtime work. On May 30, 1983, appellant did not report to work although her supervisor had previously instructed her that she would be expected to work that day. Appellant's employment was terminated the following day.

In her first amended petition, appellant alleged that she had a contract for employment with the State of Missouri in that, as a merit system employee, she was subject to discharge only upon violation of certain rules and regulations applicable to merit system employees. She further alleged that her acceptance of employment with respondent was upon the representation by respondent that she would retain the same rights and benefits she enjoyed as a state employee. Among the benefits of state employment, appellant had not been obligated to work on Memorial Day, a state holiday. The claim was, therefore, that her refusal to work on May 30, 1983 was her right and not cause for discharge.

Respondent's motion for summary judgment was supported in particular by affidavits of officers of respondent company. Those affidavits established that no representation was ever made to appellant that terms of her employment with respondent would be identical with those granted by the state; that appellant was never promised she would not be called to work on holidays; and that she was expressly told to report for work on May 30, 1983 and counseled regarding the consequences. Also submitted in support of the motion were extracts from the Missouri Code of State Regulations establishing the entitlement of the state to require appellant to work on holidays during her tenure as a state merit employee.

The record on appeal includes no response by appellant to the summary judgment motion by affidavit or otherwise. The briefs do allude to a memorandum and an affidavit by appellant presented to the trial court when the motion was argued but they have not been filed here. This opinion may not be predicated on speculation as to what appellant's affidavit may have contained, particularly in view of the absence in her brief of any contention that the affidavit or her deposition contained any verified statement of fact contrary to those appearing in the affidavits of respondent's officers. At most, it appears appellant claims to have drawn a contrary inference from her pre-employment meetings with respondent's agents.

■ The gist of appellant's case, as best it may be restated from the pleadings and briefs, contends that respondent employed appellant on the same terms which governed her employment by the state, one of those terms being appellant's entitlement to a holiday on Memorial Day. Such being

the premise, appellant says her discharge for failing to report for work on May 30, 1983 was wrongful. But the premise of agreement by respondent to those terms of employment is refuted by the uncontradicted affidavits by respondent's officers who state that no promise was made to appellant that any terms of employment under the state merit system were offered. Thus, even if it were assumed that no cause for discharge would lie under appellant's employment agreement with the state, appellant's cause of action fails because the uncontroverted fact is those terms of employment were not those agreed upon when appellant took up duties working for respondent.

■ Alternatively, even were it conceded that the employment agreement between appellant and respondent were subject to a factual dispute, the Code of State Regulations established beyond any question that employees of the Division of Administration, as was appellant, were subject to call for work on state holidays. Appellant would therefore have been subject to discharge as a state merit employee for her insubordinate conduct of refusing to report for work on May 30, 1983. The affidavits and supporting documents offered by respondent conclusively established that appellant had no cause of action. The court was correct in entering summary judgment for respondent.

The judgment is affirmed.

All concur.