Joe KEEFHAVER, Plaintiff-Respondent,

v.

HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellant.

No. 24841.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

**324**

Paul H. Niewald, Gordon, Adams, Niewald & Risjord, Kansas City, for appellant.

Don DeWitt, Platt City, Alden S. Lance, Savannah, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an action based upon an alleged oral contract of insurance. Plaintiff recovered a verdict and judgment in the sum of $571, together with an attorney's fee of $200. Defendant has appealed.

The evidence disclosed that the plaintiff, Joe Keefhaver, built a "car wash" in the spring of 1965 in Edgerton, Missouri. In connection with the "car wash" he installed a "pop machine" or "can-vendor", which he had purchased from the Seven-Up Bottling Company of St. Joseph, Missouri, for the sum of $571. On the night of September 4, 1965, the pop machine was stolen.

Prior to commencing operation of the car wash, plaintiff contacted Orville Livingston, an insurance agent for MFA Insurance Company, and obtained insurance coverage in the MFA Insurance Company by agreeing on insurance and paying a premium to the agent. In the latter part of June, 1965, plaintiff received a cancellation notice of certain portions of the coverage in force between MFA and the plaintiff together with a refund of a portion of the premium previously paid.

Thereafter, plaintiff contacted Clarence Aufranc of Dearborn, Missouri, for the purpose of inquiring about obtaining replacement insurance. The conversation between plaintiff and Aufranc did not include any specific amounts of insurance with the exception of $6000 fire insurance protection on the building. There was no discussion as to the duration of any policy nor was any premium paid.

Plaintiff claimed that defendant's agent Aufranc, advised him that he was covered. Yet, plaintiff admitted that at all times up to and including the alleged loss date of September 4, 1965, the defendant's agent was still seeking to determine whether defendant would accept coverage. Plaintiff admitted that at no time did he receive any insurance policy from defendant nor did he receive any communication from the defendant indicating acceptance of coverage.

The wife of plaintiff stated that she never had any conversation with defendant's agent concerning either the amount or duration of insurance. She further confirmed that at no time before the alleged loss had there been any conversation with the agent in which the Company had agreed to accept coverage. In fact, she acknowledged that they were merely making application for insurance.

Defendant's agent stated that no amounts of insurance, with the exception of building protection, had been discussed and that there was no conversation as to the duration of the risk, nor was any premium paid. Defendant's agent stated that he merely advised the plaintiff that the information would be submitted to the Company, and that he was unable to advise the plaintiff that defendant would accept coverage on an outdoor pop machine, which is the subject-matter of this suit. Defendant's agent had even advised the plaintiff in August to look elsewhere for insurance inasmuch as he had not received an acceptance from the Company.

Doug Adams, the special agent of defendant, testified that the Company would not have accepted coverage for this type of risk in Edgerton, Missouri.

There was no dispute but that Aufranc was a general agent for defendant and had authority to enter into oral contracts of insurance. The dispute was as to whether under the facts there was an oral contract.

Defendant's first contention is that plaintiff did not make a submissible case. No brief has been filed by plaintiff-respondent.

Our Supreme Court in the case of Chailland v. M.F.A. Mutual Insurance Company, 375 S.W.2d 78, 81, set forth the required elements of an oral contract of insurance as follows:

"The five elements necessary for an oral contract of insurance are: 'First, the subject-matter; second, the risk insured against; third, the amount; fourth, the duration of the risk; and fifth, the premium.' "

The general rule is set forth in 44 C.J.S. Insurance § 250, page 1020, as follows:

"It is, of course, essential to the existence of an oral, as well as a written, contract of insurance that the minds of the parties shall have met on all of the essential terms of the contract."

And, as stated by this Court in the recent case of Chard v. Clarkson Construction Company, 377 S.W.2d 506, 509:

"Plaintiff carries the burden of proof and there must be some substantial evidence covering the essential elements of proponent's case, else it should not be submitted to the jury."

There was an absence of testimony to establish at least four of the essential elements necessary for an oral contract of insurance.

First, the subject-matter of this lawsuit and for which the plaintiff sought recovery was a can vendor distributing machine otherwise known as an outdoor pop machine. The plaintiff offered no evidence at any time to indicate that he and the agent of defendant had any discussion in regard to this can vendor machine.

In like manner, the plaintiff's evidence completely failed to establish the required element of an amount of insurance. An examination of the transcript discloses that the only amount mentioned was in reference to fire insurance on the building. There was no discussion in regard to an amount involving the item for which recovery is sought.

The next element which plaintiff's evidence fails to establish is the duration of the risk. Plaintiff was asked:

"It is also a fact, Mr. Keefhaver, that during the conversation you had no specific reference or conversation with Mr. Aufranc as to the duration or time that the policy would be issued for?

"A. No. The time wasn't discussed."

As to the premium the testimony of plaintiff was that he offered to pay the premium but that in fact no premium had been paid. Mr. Aufranc stated that there had been no conversation as to specific amounts of premium for the reason "that it hadn't been rated" and for the further reason that he did not know whether the Company "would

accept theft type coverage on an outdoor pop machine."

 It is clear that the plaintiff failed to sustain the burden of proving the essential elements of an oral contract of insurance and the trial court erred in submitting the case to the jury.

The judgment should be reversed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is reversed. All concur.