Bob BUTTRY and Annie Colleen Buttry,
Plaintiffs-Respondents,

v.

James Arthur SUTEMEIER, and The
Employers' Fire Insurance Company,
Defendant-Respondent,

and

Liberty Mutual Fire Insurance Company,
Defendant-Appellant.

No. 42570.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

Gerre S. Langton, Evans & Dixon, St. Louis, for defendant-appellant.

Francis L. Kenney, III, Clayton, for plaintiffs-respondents.

George F. Kosta, Robert L. DeVoto, St. Louis, for defendant-respondent The Employers' Fire Insurance Co.

CRIST, Presiding Judge.

This is a civil action for declaratory relief, wherein plaintiffs-respondents, Bob Buttry and Annie Buttry, sought a declaration that defendant, James Sutemeier, was insured by defendant-appellant, Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual"), under a policy of automobile liability insurance on September 2, 1975. On September 2, 1975, an automobile driven by Sutemeier allegedly struck an automobile driven by Annie Buttry, allegedly causing injury to Annie Buttry and her automobile. In the alternative, plaintiffs sought a declaration that Sutemeier was an uninsured motorist. This would entitle plaintiff to coverage under the uninsured motorist coverage of a policy of insurance issued by defendant-respondent, Employers Fire Insurance Company (hereinafter referred to as "Employers"), to plaintiffs.

On January 3, 1980, the trial court entered a judgment finding that Sutemeier was insured by Liberty Mutual on September 2, 1975, and that he was entitled to all of his contractual rights under that policy. Liberty Mutual appeals. We affirm.

After plaintiffs petitioned the court for declaratory relief, Employers filed its answer admitting the issuance of its automobile insurance policy to plaintiffs and its coverage on September 2, 1975. It essentially denied all other allegations of plaintiffs' petition. Liberty Mutual filed its separate answer denying that any policy of insurance issued by it to Sutemeier was in force and effect at the time of the automobile accident in question.

Our standard of judicial review of a court-tried case under Rule 73.01 requires us to sustain the decree or judgment of the trial court unless there is no substantial evidence to support it. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Liberty Mutual contends Sutemeier was not insured by it on September 2, 1975. It alleges that there was no substantial evidence to support the trial court's finding that Agent Montgomery issued a ten day oral binder of insurance to Sutemeier prior to September 2, 1975. Plaintiffs' trial theory was that Liberty Mutual's agent, Robert Montgomery (hereinafter "Agent Montgomery"), had issued an oral binder of insurance prior to September 2, 1975, which created coverage under a policy of insurance issued September 8, 1975, by Liberty Mutual (hereinafter mentioned).

Plaintiffs had the burden of showing that Agent Montgomery and Sutemeier orally agreed prior to September 2, 1975, that Sutemeier was insured by Liberty Mutual and that the oral binder of insurance was in effect at the time of the accident. Plaintiffs also had the burden of showing (1) the subject matter of the insurance policy, (2) the risk insured against, (3) the amount of coverage, (4) the duration of the risk, and (5) the amount of the premium. *Chailland v. M. F. A. Mutual Insurance Co.*, 375 S.W.2d 78, 81 (Mo. banc 1964). There must be substantial evidence of each of the essential elements. *Keefhaver v. Hartford Fire Insurance Co.*, 429 S.W.2d 323, 325 (Mo.App. 1968). The trial court found that in late August or early September, 1975, Agent Montgomery did issue a verbal 10-day binder to James Sutemeier pursuant to the authority vested in him as agent for the com-

pany. It further found that Liberty Mutual through its agent, Robert Montgomery, did issue a 10-day verbal binder to James Sutemeier prior to September 2, 1975. These two findings of fact were crucial to the ultimate finding that the policy issued by Liberty Mutual to Sutemeier, effective September 8, 1975, was actually in full force and effect at the time of the accident on September 2, 1975, by reason of the oral binder issued by Agent Montgomery. Before we can consider the substantial evidence question, we must first direct our attention to some evidentiary matters raised by appellants.

Plaintiffs previously filed another lawsuit involving the same subject matter against Employers in the United States District Court for the Eastern District of Missouri. The depositions of Agent Montgomery and Sutemeier were taken in conjunction with that action. Plaintiffs attempted to introduce that deposition testimony in the case at bar. Liberty Mutual was not a party to the federal court action, was not given notice to the taking of such depositions and was not present to cross-examine Sutemeier and Agent Montgomery.

■ Sutemeier was unavailable to testify in the trial of the case at bar. Liberty Mutual made a timely and proper objection to the introduction of Sutemeier's deposition. Deposition testimony of Sutemeier in the federal court suit cannot be used against Liberty Mutual. Rule 57.07(a) states that "any part or all of a deposition so far as admissible under the rules of evidence, may be used against any party who was *present or represented at the taking of the deposition or who had proper notice thereof.*" (Emphasis added) Liberty Mutual was not present, represented or given notice and therefore the Sutemeier deposition is not admissible against it. Rule 57.07 is substantially similar to Federal Rules of Civil Procedure 32. Rule 32 is interpreted in *Hewitt v. Hutter*, 432 F.Supp. 795, 799 (W.D.Va.1977).

■ With respect to the Montgomery deposition, Agent Montgomery—in his testimony at trial—acknowledged that he re-called, and admitted that he had given specific, contradictory testimony in his deposition. This deposition was taken more than two years earlier. Agent Montgomery's testimony, although elicited on cross-examination by Employers, can properly be used substantively to support the judgment below where one issue was which insurance company defendant was liable to plaintiffs. Agent Montgomery's deposition testimony, having been given closer in time to the alleged issuance of the insurance binder, might properly have been accorded greater weight by the trier of fact. The transaction involving the issuance of the binder was fresher in his memory at the time of the taking of the depositions. *Pulitzer v. Chapman*, 337 Mo. 298, 85 S.W.2d 400, 410 (1935); see, *Snowwhite v. Metropolitan Life Insurance Co.*, 344 Mo. 705, 127 S.W.2d 718, 721–722 (1939). Any objection to the substantive use of Agent Montgomery's previous sworn testimony contradictory of his trial testimony was waived by the failure of Liberty Mutual to object. *Mound Rose Cornice & S. M. Wks. v. H. Kalicak Const. Co.*, 454 S.W.2d 603, 605 (Mo.App.1970); *Dyer v. Globe-Democrat Publishing Company*, 378 S.W.2d 570, 581–583 (Mo.1964). The litigants on all sides had an opportunity to examine Agent Montgomery on his prior contradictory statements and to make objection thereto.

Having disposed of these evidentiary matters, we now turn our attention to the sufficiency of the evidence supporting the judgment below. Viewing the evidence in a light most favorable to plaintiffs, we find substantial evidence existed upon which the trial court could base its judgment.

■ On May 29, 1975, Sutemeier contacted Agent Montgomery stating that he was a former Liberty Mutual policyholder and that he was about to acquire a car and wanted to reinsure with Liberty Mutual. Agent Montgomery sent Sutemeier an application. On June 17, 1975, Agent Montgomery called Sutemeier and was told that the car was almost ready. Agent Montgomery said he would issue an oral binder, effective for ten days only. Sutemeier was to have a signed application and a check, in

the amount of the premium, ready prior to the expiration of the oral binder. The oral binder was issued effective June 18, 1975. Sutemeier did not send in the application or the money. On July 21, 1975, Agent Montgomery telephoned Sutemeier who said that the car was about ready. Agent Montgomery issued another 10-day oral binder.

Agent Montgomery admitted issuing a binder to Sutemeier in late August of 1975. Sutemeier said his car was operational and he was ready to put insurance into effect. At that time, Agent Montgomery made an appointment to see Sutemeier. This conversation took place somewhere within a five day period, around the 30th or 31st of August. Agent Montgomery testified that it could have been somewhere "five days plus, minus" the August 31 date, and that it could have taken place as early as August 26 or as late as September 4.

On September 2, 1975, Sutemeier was involved in the accident in question. The next day, plaintiffs contacted Sutemeier's insurance company, Liberty Mutual, and were advised by telephone that Sutemeier was their insured. The Liberty Mutual records which would have conclusively proved the date of the issuance of the oral binder had been destroyed. On September 4, 1975, Sutemeier signed his insurance application and gave it, along with an insurance premium check, to Agent Montgomery. Liberty Mutual had the application and the money on September 5, 1975.

We believe that the foregoing was substantial evidence upon which the trial court could properly find that Agent Montgomery had issued a 10-day oral binder for insurance covering the accident of September 2, 1975.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.