ADOLPH PAPIN et al., Plaintiffs in Error, v. THOMAS ALLEN, Defendant in Error.

*Practice—Supreme Court.*—The Supreme Court will not try questions of fact, nor weigh the evidence by which such questions are solved.

*Trials—Burden of Proof.*—The burden of proving that the land sued for is within the boundaries of the confirmation rests upon the plaintiff.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Buckner* and *Shepley*, for plaintiffs.

*Glover*, for defendant.

DRYDEN, Judge, delivered the opinion of the court.

This is an action in the nature of ejectment, brought by the plaintiffs against the defendant in error to recover the possession of a strip of land fronting eighty-five feet two inches on the west side of Carondelet avenue, in the city of St. Louis, running back an average depth of about eighteen and three-fourths feet.

The plaintiffs claimed title under a confirmation of a larger tract to Joseph Brazeau, or his legal representatives, by virtue of the act of Congress of the 4th July, 1836.

The defendant claimed under a confirmation of two by forty arpens to Gervais, or his legal representatives, by vir-

tue of the act of 13th June, 1812, and of the several acts supplementary thereto.

The real point in dispute between the parties was as to the boundary line between the two confirmations. The claim filed before the recorder of land titles described the Gervais tract as "bounded east by the Vide Poche road;" the confirmation described it as "bounded east by the road to Carondelet"—the Vide Poche and Carondelet road being one and the same. The Brazeau tract was east of, and in part co-terminous with, the Gervais tract. Of late years Carondelet avenue has been laid out eighty-five feet wide, covering, as maintained by the defendant, the old road, which was thirty-six and a half feet in width. Upon the supposition that the road formed the eastern boundary of the Gervais tract, the relative position of the avenue to the old road, as it existed at the inception of the Gervais title, became a question of grave dispute between the parties. If the west line of the road lay west of the corresponding line of the avenue, then the space intervening is without the Gervais, and within the Brazeau, confirmation.

The burden of proving that the land sued for was within the confirmation under which they claimed, rested upon the plaintiffs. There was evidence for and against the proposition, and the court found the issue for the defendant.

Although the plaintiffs on the trial excepted to the giving of the instructions or declarations of law asked by the defendant, yet in the argument in this court no serious objection to them is urged by the counsel for the plaintiffs, nor do we think any exists; the main ground of error complained of is that the finding was contrary to the evidence. Whether this complaint is well founded or not we will not inquire. We are not put here to try questions of fact, nor to weigh the evidence by which such questions are solved. These are duties which the law devolves on the courts of first resort. It is enough for us that upon the evidence the court might have found either way. We see no error in the record.

Let the judgment of the Land Court be affirmed. The other judges concur.