**MOUND ROSE CORNICE & SHEET METAL WORKS, INC., Plaintiff-Respondent,**

v.

**H. KALICAK CONSTRUCTION COMPANY and Maryland Casualty Company, Defendants-Appellants.**

**No. 33671.**

St. Louis Court of Appeals, Missouri.

April 28, 1970.

Friedman, Lawson & Burns, Clayton, for plaintiff-respondent.

Gerhard & Reardon, by Daniel P. Reardon, Jr., Greensfelder, Hemker, Wiese, Gale & Chappelow, by James L. Hawkins, John S. Marsalek, St. Louis, for defendants-appellants.

CLEMENS, Commissioner.

Summary judgment. The plaintiff-contractor, Mound Rose Cornice and Sheet Metal Works, Inc., sued the general contractor, H. Kalicak Construction Co., and its surety, Maryland Casualty Co., for the agreed price of materials and labor furnished by Mound Rose under an express oral contract with Kalicak. After the defendants had answered plaintiff Mound Rose moved for and got a $5,888.24 summary judgment against both the contractor and its surety. This, on the strength of the pleadings and the supporting deposition of Kalicak's president wherein he admitted Kalicak's debt to Mound Rose. Kalicak and Maryland appeal, contending Mound Rose's motion for summary judgment did not extinguish all the genuine issues of

material fact raised by their pleaded defenses.

We summarize the pleadings and Mr. Kalicak's deposition. Mound Rose's petition had two counts, the first against Kalicak and the second against Maryland. We treat them separately.

Mound Rose's Count I pleaded corporate capacities; that Mound Rose agreed to furnish specified material and labor and Kalicak agreed to pay $5,661.80 therefor; that Mound Rose performed as promised and demanded payment but Kalicak refused to pay. By its separate answer Kalicak admitted Mound Rose's allegations but affirmatively asserted that the agreed price was not yet due since Mound Rose and Kalicak had further agreed that Kalicak was not to pay Mound Rose until the owner had paid Kalicak, which the owner had not yet done. Thus Kalicak's answer raised a material factual issue, the agreed time of payment. Mound Rose contends this issue was dissolved by an admission in the supporting deposition of Kalicak's president.

Kalicak says no, since the deposition was never signed and also since it failed to clearly expunge its defense that payment to Mound Rose was not yet due. These contentions in turn.

Mound Rose took Mr. Kalicak's deposition July 18, 1969. He was examined and cross-examined but there was no stipulation waiving signature. On July 23d Mound Rose filed its unverified motion for summary judgment, alleging that Kalicak's answer to Count I had admitted its debt to Mound Rose and by Mr. Kalicak's "deposition filed herein that there is no reason why the payment has not been made * * *" The deposition was the only document supporting the motion. On August 22d Mr. Kalicak's unsigned deposition had been filed and the parties submitted the motion for summary judgment "upon the pleadings, evidence and proofs adduced." The court granted the motion

and gave Mound Rose summary judgment against Kalicak.

■ Kalicak contends here that there was no evidentiary support for Mound Rose's summary judgment motion since Mr. Kalicak's deposition was unsigned. We disagree. Kalicak relies on Civil Rule 57.22, V.A.M.R., requiring depositions to be signed and on cases holding unsigned depositions are inadmissible over objection. But here the record shows no objection by Kalicak to the trial court's consideration of the deposition. A rule of evidence is waived when not invoked. Murphy v. Graves, Mo., 294 S.W.2d 29 [6]. Furthermore, Kalicak, having been notified by the motion for summary judgment that Mound Rose was relying on Mr. Kalicak's deposition and knowing it was unsigned, failed to invoke Civil Rule 57.48(d), V.A.M.R., providing for the suppression of depositions improperly executed. Tuttle v. Tomasino, Mo., 336 S.W.2d 683 [4].

■ We cast out Kalicak's contention that the unsigned deposition could not be considered in support of Mound Rose's motion and take up Kalicak's alternate contention that the deposition failed to expunge its defense that payment was not yet due. With this we agree.

■ Recall Kalicak's pleaded defense that the parties had agreed Kalicak was not to pay Mound Rose until the owner had paid Kalicak. The deposition would knock out that defense if—but only if—Mr. Kalicak testified to *specific facts* amounting to *unassailable proof* refuting that agreement. Civil Rule 74.04(e), (h), V.A.M.R. That was Mound Rose's burden. Pagan v. City of Kennett, Mo.App., 427 S.W.2d 251 [1–4].

In Mr. Kalicak's deposition three sets of questions reflected on Kalicak's pleaded defense of delayed payment. Mr. Kalicak was first shown a copy of Mound Rose's final bill to Kalicak. Then, "Q And has any part of that statement been paid? A None. Q Is there any particular reason

why it hasn't been paid? A Yes, we were not paid by the owner." This was consistent with Kalicak's defense. Next, several questions and answers showed that although the original contract between Mound Rose and Kalicak had been oral, several written instruments had passed back and forth between the parties. Then the crucial question and answer on which Mound Rose relies:

"Q Is there anything in writing between your firm or any agreements between your firm and Mound Rose, the plaintiff herein, in regard to the payment of their account from your firm?

"A No.

"Q No agreements?

"A No agreements."

Later, on cross examination Mr. Kalicak explained that as installment payments had come from the owner Kalicak used the money to pay subcontractors who had finished their work; that $37,000 was still due Kalicak from the owner but no money had been received since the time Mound Rose submitted its bill. This, too, was consistent with Kalicak's defense.

■ The crucial question put to Mr. Kalicak was complex. It began by asking him about "anything in writing" and then shifted to "any agreements." The negative answer could mean either no agreements at all or just no agreements in writing. We must interpret the crucial answer in the light of all Mr. Kalicak's testimony. The answers that preceded and followed it were consistent with the alleged non-payment defense. At best the crucial answer was ambiguous and must be interpreted against movant Mound Rose. E. D. Dorsch Electric Co. v. Plaza Construction Co., Inc., Mo., 413 S.W.2d 167 [2].

■ We hold that Mr. Kalicak's deposition failed to show specific facts constituting unassailable proof that there was no factual issue about Kalicak's non-payment defense. Therefore, Mound Rose was not entitled to judgment as a matter of law and the trial court erred in rendering summary judgment against Kalicak. Compare Brooks v. Cooksey, Mo., 427 S.W.2d 498 [1, 2], and Pagan v. City of Kennett, supra.

■ As said, Mound Rose also got summary judgment against Maryland, Kalicak's surety. In Count II against Maryland, Mound Rose had pleaded the contract with Kalicak, performance, Maryland's bond, Kalicak's non-payment, and demands made on both Kalicak and Maryland. Answering Count II Maryland admitted only that it had issued the bond and had not paid Mound Rose; Maryland denied Mound Rose's corporate capacity, denied the alleged contract between Mound Rose and Kalicak and denied that Mound Rose had made demand on Maryland for payment under its bond. Mound Rose's unverified motion for summary judgment against Maryland merely repeated its Count II allegations. Mr. Kalicak's deposition concerned Kalicak's liability, not Maryland's, so Maryland's pleaded defenses were live issues. Mound Rose now contends Maryland's failure to file a counter affidavit to its *motion* for summary judgment admitted all facts therein, citing Civil Rule 74.04(e), V.A.M.R. The rule says: " * * * When a motion for summary judgment is made and *supported as provided in this Rule,* an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Our emphasis). Note that this portion of the rule requiring opposing affidavits by the party moved against comes into play when the motion for summary judgment is "supported as provided in this Rule," that is, supported by depositions, admissions or affidavits. Here, Mound Rose's motion for summary judgment against Maryland was wholly unsupported; it was a mere reitera-

tion of its petition allegations against Maryland. Under Civil Rule 74.04 the naked motion did not require Maryland to respond with affidavits under penalty of admitting the facts alleged in the motion. Each case cited here by Mound Rose concerned failure to respond to affidavits and documents supporting a motion for summary judgment, not the failure to respond to an unsupported motion. None is in point. .

It follows that Maryland's pleaded defenses were untouched by Mound Rose's motion. Since those pleaded defenses raised genuine issues of material facts, still alive, the trial court erred in granting summary judgment against Maryland.

Judgment reversed and cause remanded.

PER CURIAM.

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause is remanded for a new trial.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.