**Norman Earl WESTBROOK, Appellant,**

v.

**James S. MACK et al., Respondents.**

**No. 39778.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Hale W. Brown, Kirkwood, for appellant.

Daniel E. Wilke, Carter, Brinker, Doyen & Kovacs, Clayton, for respondents.

REINHARD, Presiding Judge.

This is an appeal from a summary judgment entered in the trial court under Rule 74.04, V.A.M.R., in favor of defendants. Plaintiff had sued for libel and slander.

In June, 1975, pursuant to information which had been brought to the attention of the Chief of Police of Rock Hill, the City of Rock Hill (hereinafter "City") suspended plaintiff Norman Westbrook from his position as a Sergeant on the Rock Hill Police

Department. On June 19, 1975, plaintiff requested a hearing to consider this suspension, the allegations that had been made against him, and his possible discharge from the police department. A hearing was held on July 7, 1975, before the Mayor and Board of Aldermen, at which hearing plaintiff was represented by counsel. Four witnesses testified for the City, among them defendant James S. Mack; plaintiff testified on his own behalf. Subsequent to the hearing, the City decided to terminate plaintiff's position as a police officer as of July 14, 1975.

Plaintiff filed a petition for review in the Circuit Court of St. Louis County and incorporated as part of his case Exhibits A through M. The circuit court dismissed plaintiff's petition for review; plaintiff did not appeal this dismissal. Both plaintiff's petition for review and Exhibits A through M are part of the record herein.

Plaintiff then filed a petition in the Circuit Court against defendants James S. Mack and Medicare-Glaser Corporation, a Missouri corporation, alleging that the statements made by James Mack at the hearing before the Mayor and Board of Aldermen were slanderous and defamatory, and that Mack was acting as agent, servant and employee of defendant Medicare-Glaser Corporation. Plaintiff sought actual damages of $100,000 and punitive damages of $250,000.

Defendants then filed a motion to dismiss or in the alternative for summary judgment, which motion adopted by reference plaintiff's original petition for review and the aforementioned Exhibits A through M filed therein. The basis for defendants' motion was that any statements that defendant Mack made at the public hearing were "absolutely privileged;" consequently, neither defendant could be liable for slander for the statements made at the hearing. The motion was verified by James Mack, "to the best of his information, knowledge, and belief." Plaintiff filed no affidavits in opposition to the motion, made no objection to the form of the motion, and generally made no response to the motion. The motion for summary judgment was sustained. Plaintiff appeals from the granting of summary judgment.

■ Plaintiff contends that the court should not have accepted as true all of the sworn statements in the motion for summary judgment because the statements contained in said motion were not based on affiant's personal knowledge and because the motion contained inadmissible conclusions of law. We reject plaintiff's contention for procedural errors. As noted above, appellant made no response to the motion. Appellant failed to object to the motion as to either form or content. He now asks us to find that the trial court erred in considering material to which plaintiff never objected at trial.

"[A]n appellate court does not review legal propositions not expressly decided by the trial court." *Dyer v. General American Life Ins. Co.*, 541 S.W.2d 702, 706 (Mo.App. 1976). Although this general principle has never been applied in Missouri to the specific circumstances here, the United States Court of Appeals in *Chambers v. United States*, 357 F.2d 224 (8th Cir. 1966) dealt with a similar situation. In that case, the trial court had granted summary judgment based on a motion to dismiss supported by affidavits, which motion the trial court had considered as a motion for summary judgment. On appeal, the plaintiffs asserted that the affidavits and other material in support of the motion were invalid and should not have been considered. After noting that plaintiffs had made no objection to the affidavits or other documents and had made no motion to strike any of the materials, the appellate court stated, "Under these circumstances, neither this court nor the trial court is precluded from giving the documents consideration." *Id.* at 228. The court later stated ". . . it is too late for plaintiffs to urge their objections for the first time in this court, having had ample opportunity to do so in the trial court." *Id.* at 229. The applicability of these rules to the Missouri courts is delineated by those cases which note that the federal decisions as to summary judgment are "particularly persuasive in construing Missouri's summary judgment procedures." *Miller v. United Security Insurance Company*, 496 S.W.2d 871, 876 (Mo.App.1973); *Maddock v. Lewis*, 386 S.W.2d 406, 408 (Mo.

1965). Therefore, we refuse to find error in the court's consideration of the motion.

■ Plaintiff further contends that there remains a genuine issue of material fact. Defendants respond by saying that, based upon the pleadings, facts alleged in the motion, and the exhibits, there is no genuine issue of material fact. Defendants claim that their statements were within the shelter of an absolute privilege because: (1) the testimony was given at a "judicial" hearing, and (2) the testimony was given at a hearing requested by plaintiff, so that any publication was made with his consent.

> "In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the parties against whom the motion was filed and the judgment was rendered, and to accord to such parties the benefit of every doubt. (Citations omitted.) A summary judgment may only be rendered where it is made manifest by the pleadings, deposition [sic] and admissions on file, together with any affidavits, that there is no genuine issue of material fact. (Citations omitted.)"

*Edwards v. Heidelbaugh*, 574 S.W.2d 25 at 26–27 (Ct.App.St.L.1978).

One issue as to which there is no dispute is that the plaintiff requested the hearing on his suspension and possible discharge. The record considered by the trial court and now before this court supports the fact of this request. Furthermore, in oral argument, plaintiff's attorney conceded that the fact of plaintiff's request for the hearing is not an issue in dispute.[1] We see no other factual issue in dispute which would pre-

clude the trial court's determination that summary judgment was appropriate here.

Whatever the status of the hearing here,[2] there was an absolute privilege protecting the defendants. In *Williams v. School District of Springfield R–12*, 447 S.W.2d 256 (Mo.1969), plaintiff school teacher requested at a School Board meeting that she be given reasons for her non-reemployment. Although the School District was under no obligation to do so, the school superintendent complied and stated the reasons at the meeting. The teacher then brought suit alleging, inter alia, slander on the part of the superintendent in publicly giving the reasons. The court held that the superintendent was protected by absolute privilege: "the publication, [sic] of a libel or slander, *invited* or *procured* by the plaintiff, or by a person acting for him in the matter, is not sufficient to support an action for defamation." *Id.* at 268, quoting 33 Am. Jur., Libel and Slander, Sec. 93, pp. 105–106. (Emphasis in original.)

The analogy is apparent. Plaintiff Westbrook requested the hearing and requested confrontation by his accusers. He invited the publication of the remarks made at the hearing and cannot be heard to complain of the resulting damage to his reputation. Consequently, his action for defamation is blocked by the absolute privilege existing under the circumstances.

■ Although the issue of consent to publication was raised on appeal but not raised in defendants' motion for summary judgment, we note that:

> "an appellate court may review the action of the trial court on the whole record and

---

1. Among the exhibits incorporated by reference in the motion and filed with the court was a letter from plaintiff's attorney to the Chief of Rock Hill requesting that the City provide plaintiff with a hearing because plaintiff "wants this hearing . . . and he wants to be confronted by these people who have made these serious charges against him." Although only a 4th class city and therefore not required to give a hearing, the City acceded to plaintiff's request.

2. There is dictum in a recent case from this court to the effect that remarks made at an administrative hearing would be absolutely

privileged. *Ramacciotti v. Zinn*, 550 S.W.2d 217, 224 (Mo.App.1977). We also note the increasing case law to the effect that testimony at administrative hearings is absolutely privileged. Annot., 45 A.L.R.2d 1296; 50 Am. Jur.2d, Libel and Slander, §§ 234, 237, 249. We do not believe that the fact that the City was not required to give a hearing here would affect any privilege attached to those to testify in an administrative hearing. However, because we decide this case on the basis of plaintiff's request for the hearing, we need not reach the issue of absolute privilege in this administrative hearing.

will not reverse a correct result even where granted for the wrong . . . reasons, (citations omitted), and if defendant's contention is valid, then the summary judgment entered by the trial court should be sustained in spite of the fact that this argument was not presented in the trial court." [3]

*Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston,* 526 S.W.2d 407, 429 (Mo.App.1975). Therefore, we may properly consider that issue.

Finally, in plaintiff's petition, he alleges that the statements were made with malice. However, no remedy is available in a civil action for slander if the statements are absolutely privileged, even though the statement is made maliciously and is false. *Williams v. School District of Springfield R–12,* 447 S.W.2d at 268. The allegation of malice does not preclude the granting of summary judgment here.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.

---

**3.** We do not mean to suggest that the trial court erred in acting as it did.