**Joyce STURGEON, Plaintiff-Respondent,**

**v.**

**STATE BANK OF FISK, a Missouri Banking Corporation.**

**No. 12051.**

Missouri Court of Appeals,
Southern District,
Division Three.

May 7, 1981.

580

John L. Oliver, Jr., Oliver, Oliver, Waltz, & Cook, Cape Girardeau, Bernard A. Reinert, Thomas J. Plunkert, Leritz & Reinert, St. Louis, for defendant-appellant.

James E. Reeves, Caruthersville, David W. Keathley, Poplar Bluff, for plaintiff-respondent.

MAUS, Chief Judge.

By her petition the plaintiff sought a judgment against the defendant bank for $102,555.22, plus interest, representing the sum she allegedly paid to the defendant for the purchase of a bond which was not delivered. To this petition the defendant filed its general denial. The defendant's interrogatories to the plaintiff and her answers thereto were then filed. The plaintiff then filed her motion for summary judgment, which motion incorporated her affidavit in support of the motion. The defendant filed two affidavits in opposition to that motion. Thereafter, the trial court "having examined the affidavits, pleadings and the answers to interrogatories and heard the argument of counsel" found there was no genuine issue of fact and entered judgment as prayed in the petition. Thereafter, the defendant filed its motion for reconsideration accompanied by four additional affidavits in opposition to the judgment. The motion was denied and the defendant appeals.

■ The defendant contends the plaintiff's affidavit should not be considered as evidentiary material because it did not expressly state it was made on personal knowledge and affirmatively show the plaintiff was competent to testify to the matters stated therein. V.A.M.R. Civil Rule 74.04. By the plaintiff's motion the defendant was upon notice that the affidavit was being offered to the court for such consideration. The defendant did not move to strike the affidavit or otherwise object to its consideration on the basis it now asserts. In respect to summary judgment proceedings under the Federal Rules, a leading text states: "A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a 'gross miscarriage of justice,' the court *may* consider the defective affidavit." Wright & Miller, Federal Practice and Procedure: Civil § 2738, p. 706. (Emphasis added.) The material averments of the plaintiff's affidavit are of facts within her personal knowledge. The affidavit was considered by the trial court. Under these circumstances it will be considered by this court. *Westbrook v. Mack,* 575 S.W.2d 921 (Mo.App.1978); *Mound Rose Cornice & S.M. Wks. v. H. Kalicak Const. Co.,* 454 S.W.2d 603 (Mo.App.1970).

■ However, the same reasoning does not apply to the averments of the petition, even though it was verified upon petitioner's best knowledge and belief.

Although a verified pleading, like any pleading, may be presented to the court in a summary judgment proceeding, it will not be accorded the probative force of an affidavit unless it meets the requirements of Rule 56(e). This means that the content of the pleading must be asserted on the personal knowledge of the pleader, set forth facts that would be admissible in evidence, and show affirmatively that the pleader is competent to testify to the matters pleaded. Few pleadings will satisfy these requirements, even when verified. Wright & Miller, Federal Practice and Procedure: Civil § 2738, p. 702.

Also see *Am. Nat. Bank, etc. v. White River Serv. Corp.*, 586 S.W.2d 454 (Mo.App.1979). The plaintiff's petition does not meet the requirements of Rule 74.04(e). By rule the bank was upon notice that the pleadings, depositions and admissions on file, together with the affidavits, would be considered in determining if there was a genuine issue of fact. Rule 74.04(c). Whether verified or not, the pleadings were to be considered in determining the issues in the case. The defendant had no notice the averments of the petition would be considered as evidentiary material. Under such circumstances, its failure to object to such considerations should not be construed to give evidentiary weight to the averments of a petition that does not meet the requirements of Rule 74.04(e).

■ As stated, after the summary judgment was entered the defendant filed its motion for reconsideration and to vacate that judgment. This motion was accompanied by four additional affidavits. These affidavits have been referred to in the briefs and arguments on appeal. Such a motion is not specifically authorized by statute or rule. It is not necessary to decide if it can be considered as a motion for a new trial or a motion to amend the judgment as authorized by Rule 73.01 pertaining to cases tried without a jury. Unless the trial court does vacate the summary judgment such a motion should not be used as a vehicle for supplementing the controverting evidentiary material before the trial court at the time the summary judgment was entered. A contrary rule would in effect permit a losing party to introduce additional evidence after a judgment had been rendered. The defendant's four additional affidavits will not be considered in determining the propriety of the summary judgment in this case. *Delong Corp. v. Raymond Itern., Inc.*, 622 F.2d 1135 (3rd Cir. 1980).

By her petition the plaintiff alleged: (1) that on January 17, 1980, she deposited and the bank accepted and received $102,555.22 as evidenced by an attached copy of her check; (2) the money was deposited for the purchase of a Federal Home Loan Bank bond and the bank assured the plaintiff the bond had been purchased as evidenced by a "safe-keeping" letter dated January 17, 1980, and signed by David Shain, a copy of which was attached; (3) the acts of the bank were committed by David Shain as its president and agent; (4) the officers and directors of the bank had advised her "the Federal Home Loan Bank notes were in fact not purchased, and the bank cannot account for the money deposited" by plaintiff; (5) the plaintiff demanded the bond or the money; (6) the demand had been refused; and (7) therefore the bank was indebted to the plaintiff in the amount of $102,-555.22, plus interest at the rate that would have been paid upon the bond.

■ In reference to banking transactions the term "deposited" usually bears a special meaning that is not applicable or appropriate to the transaction alleged in the petition. 5A Michie on Banks and Banking, Ch. 9, § 1 (1973). A fair interpretation of the allegations is that on January 17, 1980, the plaintiff paid the bank and the bank received $102,555.22 for the purchase of a bond. As acknowledged in her brief, the plaintiff's petition is based upon the theory of money "had and received". The plaintiff does not attempt to sustain the summary judgment on any other theory. To support

her recovery she cites *Third Nat. Bank v. St. Charles Savings Bank*, 244 Mo. 554, 149 S.W. 495 (banc 1912). The issuance of the safekeeping letter if the bank did not receive the money would not sustain a recovery by the plaintiff. A fact material and essential to the plaintiff's cause of action is that the defendant did receive the money. *Third Nat. Bank v. St. Charles Savings Bank*, supra. Also see 66 Am.Jur.2d Restitution and Implied Contracts § 156 (1973). By its answer the defendant placed in issue that fact as well as the other allegations of the petition.

Summary judgment is authorized where, but only where, the 'pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' Civil Rule 74.04(c), V.A.M.R. In addition to the above, it is further provided that 'In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h), V.A.M.R. *E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 169 (Mo.1967). The burden was upon the plaintiff to show the defendant by its affidavit raised no genuine issue of fact, *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978), and as to any facts not controverted she "must still present 'unassailable proof' of movants' position as required by Rule 74.04(h)." *Bently v. Wilson Trailer Company*, 504 S.W.2d 277, 278 (Mo.App.1973). Also see *Shaw v. Clough*, 597 S.W.2d 212 (Mo.App.1980). In determining whether or not the plaintiff met that burden, it is the duty of this court to scrutinize the record in a light most favorable to the defendant and to accord the defendant the benefit of every reasonable doubt. *Edwards*, supra. "[T]he evidence presented to the court always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it." Wright & Miller, Federal Practice and Procedure: Civil § 2727, pp. 526–528. The burden of the plaintiff was a heavy one and it has been said that she did not meet that burden if there was "the 'slightest doubt' as to the facts". *Peer v. MFA Milling Company*, 578 S.W.2d 291, 292 (Mo.App.1979).

The plaintiff's supporting affidavit in substance averred as follows: The plaintiff delivered her check payable to the defendant in the amount of $102,555.22 to David S. Shain, president of the defendant for the purpose of purchasing Federal Home Loan Bank bonds; the check was endorsed by the defendant; and the check was presented and paid by the drawee bank. It then restated the issuance of the safekeeping receipt and the plaintiff's demand and the defendant's refusal to deliver the bond or the money. A copy of the check was attached which on the reverse side bears a stamped endorsement. A copy of the safekeeping letter appears to be on stationery of the defendant and bears the signature "David S. Shain, President".

The summary judgment indicates the trial court considered the plaintiff's answers to interrogatories. The plaintiff's motion did not incorporate or refer to these answers. Federal Rule 56, as amended in 1963, specifically provides for the consideration of such answers. Rule 74.04 does not. However, in the posture of this case it is not necessary to decide if the trial court properly considered those answers. The answers do develop that at the time of the delivery of the check to Shain, the plaintiff was employed as a computer operator by Carolyn's Fashions and Ann's Figurama, a business in which Shain had an interest, and that on July 10, 1978, she loaned $100,000.00 to Shain, Inc., which was repaid in six months. While not referred to in her answers, attached to those answers is a copy of her check dated July 11, 1979, and payable to Shain, Inc., in the amount of $100,000.00 Her attached bank statements show a check in that amount cleared on her account on July 13, 1979, and that $103,643.84 was deposited to her account approximately six months later on January 14,

1980. Those statements also show that a check in the amount of $102,555.22 cleared her account on January 22, 1980. The plaintiff also answered that in February, 1980, a check for interest in the amount of the interest that would have been due upon the bond was drawn by the defendant bank and delivered to her by Shain. She further stated that on March 18, 1980, the vice president of the defendant said the defendant would stand behind her and a director of the defendant said the money was due her and he was sorry his brother had done this.

The defendant bank filed two affidavits in opposition to the motion for summary judgment. The first stated the need of the defendant to take certain depositions to oppose the motion and prayed that the motion be denied. This affidavit was based upon Rule 74.04(f). The second affidavit stated (1) no officer or agent of the defendant acting within the scope and course of their authority endorsed the check; (2) the defendant did not issue the safekeeping letter and did not acknowledge that it was holding a bond in safekeeping for the plaintiff; (3) that at no time did the defendant "receive from plaintiff for its benefit the sum of $102,555.22"; and (4) that the acts referred to in the plaintiff's affidavit were not authorized by the defendant.

█ It is most significant that the plaintiff's affidavit does not aver that the defendant received the $102,555.22. Even if the averment of the petition that the defendant received the money is considered, such an averment is not uncontroverted. The affidavit in opposition states the defendant did not "receive from plaintiff for its benefit the sum of $102,555.22". Plaintiff argues that this averment is ambiguous. If that be so, the averment must be construed against the plaintiff, *E. O. Dorsch Electric Co. v. Plaza Construction Co.,* supra, 413 S.W.2d 167; *Mound Rose Cornice & S. M. Wks. v. H. Kalicak Const. Co.,* supra, 454 S.W.2d 603; and as so construed it is a denial the bank received the money in question.

█ The plaintiff argues that the receipt of the money is established by the averment of the letter of safekeeping. However, the defendant did raise an issue of fact concerning the issuance of the letter by its denial thereof. Moreover, the letter could have been written and signed in the absence of receipt and it does not provide unassailable proof of receipt.

The plaintiff also argues that receipt of the money is established by the averment of endorsement and the stamped endorsement on the reverse side of the check. Again, the defendant raised an issue of fact of endorsement by its averment that no officer or agent of the defendant, acting within the scope of its authority, endorsed the check. Further, an endorsement stamp could have been placed on the check without the receipt of the money. Endorsement is not conclusive proof of the account to which the proceeds of the check were credited. Endorsement does not provide unassailable proof of receipt.

The plaintiff relies most strongly upon her averment that David S. Shain was president of the defendant; that she delivered the check to him for the purchase of the bond; and that the check was paid. She argues that as these averments were not controverted, the bank thereby must be held to have received the money even though she has not otherwise established that receipt.

The plaintiff is entitled to a summary judgment on that basis only if she has presented uncontroverted evidence of the authority of David S. Shain as president to sell a bond and accept payment therefor on behalf of the bank and that evidence provides unassailable proof of that authority. This case is to be distinguished from such cases as *Johnson v. Farmers' & Merchants' Bank,* 287 S.W. 835 (Mo.App.1926) and *Union Nat. Bank v. Lyons,* 220 Mo. 538, 119 S.W. 540 (banc 1909) in which it was established the bank in fact received the money.

█ A corporation is bound by the acts of its officers within the scope of their authority. The authority of an officer to act on a given matter may be actual author-

ity or apparent authority established by an estoppel. Also in some circumstances certain authority has been said to be inherent in an officer of a corporation. Restatement of Agency 2d § 8A. For example, in *First Community State Bk. of Savannah v. Pemberton*, 493 S.W.2d 692 (Mo.App.1973), a president who was expressly declared by the by-laws to be the chief executive officer and in general control of the property and business of the corporation was held to have inherent authority to conduct litigation in the absence of direction by the board of directors. The precise basis upon which inherent authority has been found to exist is not always clearly defined. In some instances it seems to be implied from a grant of actual authority to conduct the business of the corporation. *First Commuinity State Bk. of Savannah v. Pemberton*, supra. In other instances it seems to have been declared upon the basis of the authority actually exercised by the officer in question. "It is now well settled that when in the usual course of the business of a corporation an officer has been allowed to manage its affairs, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors to transact its business." *Sparks v. Despatch Transfer Co.*, 104 Mo. 531, 539–540, 15 S.W. 417, 419 (1891) followed in *Parks v. Midland Ford Tractor Company*, 416 S.W.2d 22 (Mo.App.1967).

The rationale for declaring the existence of inherent authority of bank officers has been said to be dependent on custom. "However, in the last analysis, custom as to the functions of a particular office determine[s] the law. This custom consists of the general usages of banks and the practices of the particular bank." Paton's Digest of Legal Opinions, ABA, Bank Personnel, § 7B:3, p. 250 (1940).

■ The president of a state bank may be the chief executive officer of the board of directors, but he is not always the chief executive officer or operating officer of the bank. The president is not granted any operating authority by the applicable statutes. § 362.270, RSMo 1978. Perhaps more often than not the chief executive officer of a bank is an executive vice president or the cashier. The president may play no part in the daily operation of the bank. Where the actual authority of a president is to act as executive officer of the board of directors, his inherent authority is limited.

He is usually expected to exercise a more constant, immediate and personal supervision over the daily affairs of the bank than is required of any other director; but the authority inherent in the office itself is very small, and it is difficult to say precisely how or where it is much in excess of that which can be exercised by any other director. Indeed, it is said that the entire collection of judicial authorities justifies the enunciation of only one function as falling within the properly inherent power of the president, namely, to take charge of the litigation of the bank. 4 Michie on Banks and Banking, Ch. 8, § 7, p. 126 (1971).

■ A determination the plaintiff has not established the asserted authority of Shain as president will not, as the plaintiff contends, mean or even intimate that when a customer in a bank makes a payment to an operating officer, the bank can deny receipt. The plaintiff did not aver on what basis Shain had that authority. She did not aver he had actual authority. She did not aver circumstances creating apparent authority. Nor did she aver the authority customarily vested in a president of a bank in the area or the authority customarily vested in a president of the defendant bank. From all that appears from the record the following could have been the circumstances: it was the custom of the banks in the area that the chief executive officer was the executive vice president or cashier; it was the custom of the defendant that its chief executive officer was its vice president or cashier; that by custom the president of such banks and of defendant had no operating authority; that Shain as president had no actual operating authority and had never exercised any operating authority; that his participation in the activities of the defendant was limited to attendance at

board meetings; that the transaction in question was an isolated incident; and that it took place other than in defendant's banking house.

The naked averment of the title of president does not, under all circumstances, conclusively establish that an individual holding that title has authority to sell a bond and accept payment therefor. Had the plaintiff averred with more specificity the basis for Shain's asserted authority as president, the defendant would have been required to respond to that basis. As the plaintiff only averred the asserted authority in general terms, the defendant's general denial of that authority was sufficient to put that fact in issue. The plaintiff's general averment does not present unassailable proof of that authority or the defendant's receipt.

With her brief, the plaintiff has filed in this court affidavits of the president of the correspondent bank of the defendant and the president of the bank upon which the plaintiff's check was drawn. The apparent purpose of these affidavits is to provide proof that the defendant received the money. Whether or not the summary judgment was properly granted must be determined upon the basis of the evidentiary material before the trial court at the time the summary judgment was rendered. *Carondelet Savings & Loan Assn. v. Boyer*, 595 S.W.2d 744 (Mo.App.1980); *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955 (Mo.App.1977); *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781 (3rd Cir. 1978). This court can no more consider the plaintiff's late filed affidavits than it should consider the defendant's late filed averment that the plaintiff knew that David S. Shain was not acting within the scope of his authority as an agent for the defendant. Considering the evidentiary material properly before the trial court, the defendant effectively raised the issue of receipt of the money by the defendant. Further, the plaintiff did not present unassailable proof of receipt, an issue triable by a court or jury. For these reasons, the summary judgment is reversed and the cause remanded for further proceedings.

HOGAN and PREWITT, JJ., concur.

BILLINGS, P. J., concurs in result.