**Linda GAL, Plaintiff-Respondent,**

v.

**Amos BISHOP and Leona Bishop, Defendants-Appellants.**

**No. 47371.**

Missouri Court of Appeals, Eastern District, Division Four.

July 31, 1984.

John J. Stewart, Clayton, for defendants-appellants.

Sidney Rubin, St. Louis, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Plaintiff Linda Gal instituted this action for ejectment against defendants, Amos and Leona Bishop. Defendants counterclaimed for declaratory judgment asserting a right of possession based upon an admittedly oral agreement with plaintiff's predecessors in title, Norris and Grace Fridley, under which defendants were given "the usage, possession and occupation" of the premises for their lifetimes. Plaintiff moved for summary judgment on her petition and on the counterclaim. Based upon the pleadings, interrogatories, and affidavits of the respective parties, the trial court sustained plaintiff's motion and entered judgment in favor of plaintiff for possession and for damages for the reasonable rental value of the property in the sum of $550 per month. Defendants appeal, contending 1) there was no unassailable proof that they could not bring their agreement within an exception to the Statute of Frauds and 2) there was no unassailable proof of the rental value of the premises.

This action was commenced on June 10, 1982, when plaintiff filed her petition alleging she was the owner of the property in question by virtue of a general warranty deed executed by the Fridleys on April 30, 1982, and the defendants were unlawfully remaining in possession of the property after demand for possession as of June 1, 1982, had been made. Defendants filed an answer generally denying all of plaintiff's allegations except their possession of the property. In response to interrogatories, defendants admitted they had occupied the premises for over six years without a written lease. They further admitted receiving two written notices from the Fridleys to

vacate no later than June 1, 1982. Defendants filed their counterclaim for declaratory judgment alleging an agreement with the Fridleys that, in consideration of plaintiff's paying the utilities and taxes on the property and permitting Grace Fridley to use her property as her dwelling, plaintiff was to have "the usage, possession, and occupation thereof during their lifetimes." It is admitted that this alleged agreement was oral.[1] Plaintiff filed a reply to the counterclaim asserting the Statute of Frauds, §§ 432.010 and 432.050, RSMo 1978 barred any claim of interest asserted by defendants. Plaintiff's motion for summary judgment was supported by an affidavit setting forth her ownership of the property, the demands upon defendants for possession on June 1, 1982, defendants' refusal to give possession, and that the reasonable rental value of the property was $550 per month "in [plaintiff's] opinion as the owner of the property." Defendants filed a counter-affidavit setting forth a series of telephone calls in which they were asked if they had a written agreement to occupy the premises for life, to which they replied they had "an agreement." Upon this record the court entered judgment as described above.

## POSSESSION

Summary judgment is an extreme and drastic remedy, and great care should be exercised in utilizing the procedure. In reviewing a grant of summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the judgment was rendered. Summary judgment should be granted only when it is clear from the pleadings, admissions, depositions, and affidavits that there is no genuine issue of material fact. A genuine issue of fact exists whenever there is the slightest doubt about the facts. And the burden is on the moving party to show by unassailable proof that there is no genuine issue of fact.

*Commerce Bank of Fenton v. B.P.J. Enterprises,* 659 S.W.2d 615, 617 (Mo.App. 1983); *Sturgeon v. State Bank of Fisk,* 616 S.W.2d 578, 582 (Mo.App.1981); *see also* Rule 74.04.

When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the "mere allegations or denials of his pleading," but must "set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 74.04(e); *See Kinder v. Notorangelo,* 615 S.W.2d 433, 434 (Mo.App.1980).

The inadequacy of defendants' affidavit in opposition to plaintiff's motion for summary judgment is glaring. It fails to controvert any of the facts set forth in plaintiff's affidavit. Nor does it assert any facts relevant to the essential issue, plaintiff's right to possession of the premises. "The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious." *Waltz v. Cameron Mutual Insurance Co.,* 526 S.W.2d 340, 343 (Mo.App. 1975). The pertinency of this quotation is highlighted by plaintiff's argument before this court. Citing the exception to the Statute of Frauds where its application would result in a fraud upon the party relying upon an oral contract [*see Holt v. Story,* 642 S.W.2d 394, 396 (Mo.App.1982)], defendants argue they "hope and trust" they may be able to develop evidence with which to bring themselves within the exception. Defendants misconstrue the functional process of summary judgment.

Plaintiff established by the pleadings, interrogatories, and her affidavit that she owned the property, that defendants remained in possession of the property under no legally valid right of possession after demand for surrender. She thus established each element of her cause of ac-

---

1. In Count II of their counterclaim, defendants sought damages from the Fridleys, who were joined upon motion of the defendant, for breach of contract. This action remains pending. The trial court designated its order of summary judgment final for purposes of appeal. Rule 81.06.

tion for ejectment. "A prima facie case of ejectment is shown—in the absence of a contention of boundary—by the proof of title merely." *Carender v. Barry*, 623 S.W.2d 73, 75 (Mo.App.1981). At this state of the proceedings there is not shown to exist any genuine issue of material fact. It is not the function of the court to engage in speculation and conjecture in order to conjure up every possible defense. Nor does it suffice to defeat the movant's right to summary judgment for his adversary to "hope and trust" that he might stumble upon such a defense in the future. *Mercantile Trust Co. v. Carp*, 648 S.W.2d 920, 925 (Mo.App.1983). Not in the trial court nor in this court have defendants even suggested the existence of any facts which would alter the result. This failure is fatal to their contention. *Whaling v. Little Piney Oil Co.*, 623 S.W.2d 589, 592 (Mo.App. 1981). Rule 74.04(e) makes it incumbent upon defendants, by affidavit or otherwise, to "set forth specific facts showing that there is a genuine issue for trial." *See Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978); *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 169 (Mo.App.1981).

The facts asserted by defendants in their opposing affidavit have utterly no relevance to plaintiff's claim for possession of the premises. If germane to anything, and we do not so hold, the alleged facts may be pertinent to defendants' claim of breach of contract against the Fridleys. If they are contending that their interest in the property is sustainable despite the Statute of Frauds because they were a victim of fraud, they have not even suggested that plaintiff, the present owner of the property, participated in the fraud in any way. They have not suggested that plaintiff's predecessor in title misrepresented any existing intention to carry out the agreement allowing them to live in the premises for their lifetimes when that alleged agreement was made six years earlier.

The defendants' only challenge to plaintiff's right of possession is based upon an admittedly oral agreement with plaintiff's predecessors which they contend gives them an undefined interest or right of possession for their lifetimes. Such an oral agreement by operation of law can amount to no more than a lease or an estate at will, § 432.050, or a month-to-month tenancy, § 441.060(2), either of which is terminated by the demand for possession. § 441.-060(1). The trial court did not err in entering summary judgment for possession of the premises.

## DAMAGES

The trial court awarded plaintiff damages in the sum of $6,050 up to May 1, 1983 and $550 per month thereafter until possession be restored to plaintiff. This was obviously predicated upon plaintiff's affidavit that in her opinion as the owner of the property, its rental value was $550 per month. Defendant now contend this falls short of the "unassailable proof" required by § 74.04(h) because there was no showing of plaintiff's qualifications as an expert in rental values nor of her familiarity with the premises. Stated otherwise, defendants challenge the competency of the only evidence before the trial court on the issue of damages.

■ We do not decide whether mere ownership of property qualifies the owner to express an opinion regarding rental value as it does regarding market value. Defendants did not object to this expression of opinion in plaintiff's affidavit nor did they contravene this opinion. We see no reason why the well-established rule that the failure to object to the foundation or qualifications of expert testimony at trial precludes the raising of such issues on appeal, *State ex rel. State Highway Commission v. Northeast Building Co.*, 421 S.W.2d 297, 301 (Mo.1967) should not apply with equal force to summary judgment. *See Westbrook v. Mack*, 575 S.W.2d 921, 922 (Mo.App.1978).

Defendants would have us construe "unassailable proof" as casting a burden upon a summary judgment movant to dispel every conceivable conclusion except that reached. No such burden exists.

Rule 74.04(e) imposes the obligation upon the movant's adversary to point out to the court facts which create a genuine issue. A similar obligation to object to the competency of movant's supporting affidavit is imposed by the decisions of Missouri Appellate Courts.

The defendant contends the plaintiff's affidavit should not be considered as evidentiary material because it did not expressly state it was made on personal knowledge and affirmatively show the plaintiff was competent to testify to the matters stated therein. V.A.M.R. Civil Rule 74.04. By the plaintiff's motion the defendant was upon notice that the affidavit was being offered to the court for such consideration. The defendant did not move to strike the affidavit or otherwise object to its consideration on the basis it now asserts. In respect to summary judgment proceedings under the Federal Rules, a leading text states: "A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, he will waive his objection and, in the absence of a 'gross miscarriage of justice,' the court *may* consider the defective affidavit." Wright & Miller, Federal Practice and Procedure: Civil § 2738, p. 706. (emphasis in original) *Sturgeon v. State Bank of Fisk*, 616 S.W.2d 578, 580 (Mo.App.1981). *See also Clevenger & Wright Co. v. A.O. Smith*, 625 S.W.2d 906, 907 (Mo.App.1981) wherein hearsay in a movant's affidavit which was not objected to and which was not denied was deemed admitted on summary judgment.

■ Having made no attempt to contravene plaintiff's affidavit regarding rental value and not having objected to the competency thereof until appeal, defendants may not at this late stage of the proceedings claim for the first time that there was insufficient evidence upon which the trial court could base its judgment. To hold otherwise would eliminate the possibility of summary judgment for money damages ever being granted, except in the case of a liquidated or agreed amount. The efficient, economical and speedy remedy of summary judgment should not be so narrowly construed lest it become a tool only available to the defense. Where a claimant's damages are based upon ascertainable values, capable of being reduced to a fixed amount by computation from uncontradicted evidence, the trial court on summary judgment *may* accept such evidence and make the necessary computation. We are not suggesting application of such a rule to cases where the damages are not susceptible of being measured by specific values, as in the case of pain and suffering, humiliation, and similar intangibles, or where similar injuries may affect different claimants in a differing manner.

■ However, when damages are shown by specific ascertainable values, if uncontroverted there is no reason why a summary adjudication should not include the assessment of damages as well as a determination of the issue of liability. The temerity with which summary judgment was approached when originally introduced to Missouri procedure is gradually disappearing. The thrust of more recent decisions views summary judgment as a means of separating what is formal or pretended from what is genuine and substantial, so that only the latter may subject a party to the burden of a trial. *Henkel v. City of Pevely*, 504 S.W.2d 141, 149 (Mo.App.1973). The economic oppression attendant to modern litigation requires a means of expeditious disposition of claims and contentions which could be unduly prolonged by unsupportable or meritless allegations.

The judgment of the trial court is affirmed.

SMITH, J., concurs and dissents in separate opinion.

STEPHAN, J., concurs.

SMITH, Judge, concurring and dissenting.

I fully concur in the majority opinion as it relates to possession.

As to the damages I respectfully dissent. Plaintiff's affidavit stated:

"That a reasonable rent for said premises would be $550.00 a month, in her opinion as the owner of said property."

To controvert this statement defendants would be required to deny that plaintiff's opinion of a reasonable rent is $550.00. Their failure to address this allegation in their affidavit serves to admit the allegation—that it is plaintiff's opinion that a reasonable rent is $550.00 per month. But plaintiff's opinion is not "unassailable proof" of the reasonable rent. That opinion is not binding on a fact-finder whether controverted or not, and I see no reason why it achieves sanctified status in an affidavit on summary judgment.

That opinion may be sufficient to support a judgment after trial of $550.00 as reasonable rent. But the question here is not whether the evidence is sufficient to support a judgment but rather whether it compels such judgment. There is no clearly ascertainable standard in the affiant's statements upon which to base an evaluation of reasonable rent and her statement of opinion does not compel, nor warrant, an award of damages on summary judgment.

I would affirm the judgment for possession and reverse and remand the judgment for damages.