CLAYTON BROKERAGE COMPANY
OF ST. LOUIS, INC.,
Plaintiff-Respondent,

v.

Ray "Skip" RALEIGH,
Defendant-Appellant.

No. 47943.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Jay G. Newquist, St. Louis, for defendant-appellant.

Burton Newman, Clayton, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Defendant appeals from the entry of summary judgment in favor of plaintiff on its claim based upon breach of contract. Defendant was employed by plaintiff as a commodities broker from April 20, 1978, until October 29, 1982. Paragraph seven of his written contract of employment provided that he was "to be responsible, and to promptly reimburse Clayton for the payment of deficits in customer's accounts handled by Employee." Defendant also signed a memorandum acknowledging his understanding that he would be held responsible for all deficit accounts of his customers as well as for errors of omission or commission on his part. A deficit in the amount of $29,672.50 developed in account number 94299, an account handled by de-

fendant. Plaintiff made demand upon defendant for reimbursement for this deficit but defendant refused payment. Defendant was entitled to credit for escrowed commissions in the amount of $9,498.17.

These facts are established without contradiction by defendant's responses to plaintiff's request for admissions and by affidavits in support of and in opposition to plaintiff's motion for summary judgment.[1]

On appeal defendant contends the judgment entered by the trial court is not a final appealable judgment because it failed to dispose of Count II of plaintiff's petition and of defendant's counterclaim. Count II of the petition sought recovery of the same amount based upon defendant's allegedly negligent handling of account number 94299. The two counts are obviously mutually exclusive alternatives joined pursuant to Rule 55.10. The finding of the trial court on Count I necessarily precludes any recovery on Count II. "Where the disposition of one count and the entry of a general judgment thereon operates to settle all questions, eliminate all issues as between the parties and preclude a recovery on all other counts, there is a final judgment for purposes of appeal." *Hayes v. Cardwell*, 575 S.W.2d 816, 822 (Mo.App.1978) citing *J.G. Jackson Association v. Mosley*, 308 S.W.2d 774, 776 (Mo.App.1958).

Defendant further contends the judgment is not final because the court did not address his counterclaim. A judgment which carries with it an inherent finding upon a counterclaim will constitute a final judgment even though the counterclaim has not been expressly mentioned. *Reynolds v. Briarwood Development Co., Inc.*, 662 S.W.2d 905, 906 (Mo.App.1983). Here, the defendant's counterclaim for escrowed commissions was included in the court's judgment. The trial court credited defendant for commissions due him as an offset. Thus, although the word "counterclaim" was not used, the trial court's order took

defendant's claim into account and effectively disposed thereof.

Next defendant contends a material fact remains in dispute because the employment contract is ambiguous when viewed in the light of custom and usage and the parties' own interpretation thereof. He argues that an ambiguity arises because paragraph six of the employment contract requires an employee to reimburse the employer for losses resulting from errors of omission or commission, while paragraph seven requires reimbursement for any deficit in a customer's account. Defendant relies upon the rule of contractual interpretation that specific words take precedence over general words. This reliance is misplaced as the rule applies only where there is an inconsistency or ambiguity in the language of the agreement. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). In other words, the general rules of construction may not be used to create an inconsistency or ambiguity where none exists. There is nothing contradictory or inconsistent between a provision requiring reimbursement for errors of omission or commission and another requiring reimbursement for any deficit no matter how caused. They are separate, distinct, and independent provisions.

The absence of ambiguity also renders it unnecessary and improper to look to the custom and usage of the industry as defendant urges us to do. The intention of the parties is clear from the unambiguous language of the contract. It is only when ambiguity exists that a resort to extrinsic evidence is in order to show intent. *Grantham v. Rockhurst University*, 563 S.W.2d 147, 150 (Mo.App.1978). Indeed, were we to look outside the four corners of the contract, we would find the memorandum signed by defendant acknowledging his understanding of the two-fold nature of his potential liability to his employer to be destructive of the argument he now asserts.

1. In response to interrogatories defendant admitted a deficit in account number 94299 of $33,672.50 and claimed that he was due escrowed commissions in the amount of $13,311. The difference, $20,361.50, exceeds the balance claimed by plaintiff and found by the trial court. Therefore, the difference does not constitute a dispute of *material fact* so as to preclude summary judgment.

Defendant also contends the affidavits submitted in support of plaintiff's motion for summary judgment were based on hearsay and were conclusionary and thus were not competent and admissible evidence. Defendant did not object to or move to strike the affidavits in the trial court, nor did he file any counter-affidavits in refutation of the facts asserted by plaintiff. This failure constitutes a waiver of any objection. *Sturgeon v. State Bank of Fisk*, 616 S.W.2d 578, 580 (Mo.App.1981). He may not raise such an objection for the first time on appeal. *Westbrook v. Mack*, 575 S.W.2d 921, 922 (Mo.App.1978).

Moreover, there is ample support for the entry of summary judgment based solely upon defendant's admissions and answers to interrogatories. Therefore, even if defendant's objections to the affidavits had been timely and meritorious, he would have sustained no prejudice by reason of their consideration.

Defendant further contends an issue of fact remains in dispute based upon his counter-affidavits claiming that plaintiff failed to enforce the responsibility for deficits provision on other occasions, thereby waiving the provision. We find no merit to this contention. The very case relied upon by defendant to establish the rule that waiver may exist by virtue of a long continued course of conduct, limits the application of the rule to "conduct between the parties themselves." *Bonnot v. Grand Lodge Brotherhood of R.R. Trainmen*, 229 Mo.App. 519, 81 S.W.2d 360, 368 (1935). No such conduct is reflected by any affidavit in this case. On the contrary, defendant's own affidavit states he was told he would be held responsible for deficits in his customer's accounts by the president of plaintiff corporation.

Defendant's final point is that the trial court erred in the credit allowed him for commissions. In his counterclaim he alleged that he was entitled to $19,898.50. The affidavit filed by plaintiff in support of its motion stated the company records showed plaintiff entitled to $9,498.17. Defendant did not deny or refute this figure by counter affidavit. When a motion for summary judgment is made and supported by affidavits, the adverse party cannot "sit idly by relying on its pleadings," but he must set forth "specific facts showing there is a genuine issue for trial. If he does not so respond, he is vulnerable to the remedy of summary judgment." *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 169 (Mo.App.1981). The facts set forth in the affidavits filed in support of plaintiff's motion for summary judgment are deemed admitted unless a verified denial or counter-affidavit is submitted. *Scaife v. Kansas City Power & Light Co.*, 637 S.W.2d 731, 733 (Mo.App. 1982). The evidence supporting the offset and credit given to the defendant by the trial court in its judgment was based upon undenied and unrefuted evidence. We find no error.

Judgment affirmed.

SMITH and STEPHAN, JJ., concur.